# Carpenter v. Walker.

## Malpractice.

(Decided Dec. 1, 1910.   54 South. 60.)

1. *Action; Malpractice; Contract or Tort.*—While an action against a physician may be either ex contractu or ex delicto on the same state of facts, it is ex delicto where the gravamen of the action, as clearly shown by the complaint is for breach of duty, and not for mere breach of contract; the allegations as to the contract being mere matters of inducement to show the relation between the parties, and that there was a breach of duty owing by defendant to plaintiff based on or growing out of such contractual relations.

2. *Physicians and Surgeons; Malpractice; Action; Contract.*—An action for malpractice is essentially in tort, and it is immaterial by whom the physician was employed.

3. *Same; Care, Skill and Diligence Required.*—The ordinary care, skill and diligence required of physicians and surgeons, is such care, skill and diligence as those in the same general neighborhood in the same general line of practice ordinarily have and exercise in a like case.

[Carpenter v. Walker.]

4. *Evidence; Expert Opinion.*—Where the evidence justifies the hypothesis put, an expert may give an opinion as to whether it was reasonable and prudent for a surgeon setting a broken limb to leave the patient ten days without the presence of anyone trained in treating such wounds, but merely with instructions to the parent that he need not be sent for unless the hand turned black; such was not a substitution of the witness for the jury, but to afford the jury the benefit of an expert's opinion as to whether that kind of treatment was reasonably prudent or not.

5. *Same; Hypothetical Question.*—Where the character of the injury is not in dispute, it is harmless to allow an expert to give his opinion as to how long it is reasonably prudent to stay away after setting an arm before returning to see the patient, although the question does not hypothesize the facts as to the injury, otherwise than an injury "such as is shown in this case."

6. *Damages; Instructions; Amount of Recovery.*—An instruction asserting that if the jury find certain facts they shall render a verdict for plaintiff, and assess his damages, found from all the evidence, not exceeding the amount claimed in the complaint, is not erroneous in so limiting the recovery; no intimation therein being contained that the jury should find for the full amount claimed.

7. *Appeal and Error; Dismissal; Time for Motion.*—A motion to dismiss the appeal for failure to file the transcript should be made at the time or call to which the transcript is returnable; and where it is not made until the next call after the term or call at which the transcript was submitted, and until after an order for certiorari to perfect the record and a continuance, it came too late.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by Frank Walker, by next friend, against Allen Carpenter, for malpractice. Judgment for plaintiff, and defendant appeals, Affirmed.

The first count alleged the employment of Carpenter by plaintiff's father, James G. Walker, at the request of the plaintiff, to examine, heal, properly set, and adjust plaintiff's arm for a fracture, wound, or injury, for a reward to be paid by James G. Walker, and the acceptance of defendant, and an entering upon the employment, and then alleged that the defendant conducted himself in an ignorant, unskillful, careless, and negligent manner in that behalf, whereby plaintiff suffered certain injuries and pains described in the complaint, and alleged that by reason of such careless, unskillful treatment of the defendant the plaintiff became so dis-

[Carpenter v. Walker.]

eased that it became necssary to have his arm amputated in order to save his life. The other counts stated the same contract and inducement and the same injury in varying phraseology. The facts sufficiently appear in the opinion of the court.

The following charge was given for 'the plaintiff: (A) "If the jury believe from the evidence that the plaintiff broke his arm, and that the defendant was employed by the plaintiff's father (plaintiff being a minor) to treat and attend the same as a physician and surgeon, and entered upon and undertook such employment, and did set or dress or treat the plaintiff's said arm as a physician or surgeon, and assumed charge of the same, then the plaintiff was entitled to receive from the defendant the care, attention, and skill of an ordinarily skilled physician and surgeon. And if the jury believe that the plaintiff did not receive from the defendant such care, attention, and skill, and that in consequence of not receiving the same, and without fault on plaintiff's part, or on the part of any one else, suffered increased pain, suffering, and injury, then the jury are instructed that the defendant is liable, and the jury will render a verdict for the plaintiff, and assess his damages found from all the evidence, not exceeding the amount claimed by the plaintiff in his complaint."

STREET & ISBELL, for appellant. The motion to dismiss the appeal comes too late.—Rule 41, S. C. P.; *Martin v. Miller,* 132 Ala. 629; *Street v. Street,* 113 Ala. 333; *Collins v. Coggins,* 103 Ala. 281; Secs. 2849 and 2887, Code 1907. The defendant's plea in abatement should have been sustained as the action was on the contract and should have been brought in the county of defendant's residence.—*L. & N. v. Brinkerhoff,* 119 Ala. 528; *Tallassee Co. v. Western Ry.,* 117 Ala. 520;

[Carpenter v. Walker.]

*Holland v. So. Ex. Co.,* 114 Ala. 128; *McDaniel v. John-son,* 110 Ala. 526; 15 Am. Rep. 285; 25 Am. St. Rep 442. The court erred in admitting expert evidence in the hypothetical questions.—*L. & N. v. Bouldin,* 110 Ala. 185; *Eureka Co. v. Bass,* 81 Ala. 200; 61 Ill. App. 485; 84 Ill. 408; 92 Am. Dec. 601; 55 Am. Rep. 671; 46 Am. Rep. 230; 45 Am. St. Rep. 308; 17 Cyc. 45, 56 and 60. Charge A given for plaintiff was error.—*Garrett v. Scwell,* 108 Ala. 525; *Marks v. Hastings,* 101 Ala. 174; *Alley v .Daniels,* 75 Ala. 403. Charge 6 should have been given for the defendant.

JOHN A. LUSK, for appellee. The transcript was not filed in time and the appeal should be dismissed.—Sec. 2868, Code 1907; Rule Pr. 41-2; *Street v. Steel,* 113 Ala. 333. The motion to strike the bill of exceptions should have been granted.—3 Cyc. 45.

MAYFIELD, J.—Appellee, an infant, by his next friend sued appellant, a physician, for malpractice in treating and setting a broken arm for the plaintiff, alleging that in consequence of appellant's negligence in the matter the plaintiff lost his arm, and suffered much pain and anguish. The defendant filed a plea in abatement, setting up that the action was ex contractu, and that defendant was a resident of Madson county, and not of Marshall, in which suit was brought. A demurrer was interposed and sustained to his plea, and properly, because the action is in tort and not in contract. The defendant then demurred to the complaint and to each count thereof, assigning many grounds; but the only ones insisted upon involve the same question raised by the plea—that the complaint or some count thereof is ex contractu, while other counts are ex delicto; and that there was therefore a misjoinder of counts, the trial being had before the new Code became operative.

[Carpenter v. Walker.]

This point is not well taken. All the counts are ex delicto, hence there was no misjoinder.

All the allegations as to a contract are mere matters of inducement and to show the relation between the parties, and to show that there was a breach of a duty, owing by the defendant to the plaintiff, *based* upon or growing out of the contractual relations between the parties. The gravamen of the action, in each count, is clearly the breach of this duty owing by the defendant to the plaintiff, and not a mere breach of the contract itself.—*White v. Levy,* 91 Ala. 179, 8 South. 563.

The action against a physician for malpractice need not be based upon a contract though it may be, and usually is. It is sufficient if based upon his legal obligation. The action for malpractice is essentially in tort, and hence it is immaterial by whom the physician is employed.—*Coldwell v. Stegall,* 5 Bing. (N. C.) 733; *Pippin v. Shepherd,* 11 Price, 400; *Nelson v. Harrington,* 72 Wis. 591, 40 N. W. 228, 1 L. R. A. 719, 7 Am. St. Rep. 900. While a physician or surgeon may, under the same state of facts, be liable both ex contractu and ex delicto, yet the plaintiff has the option to declare against him in either form; but prior to the present Code he could not declare in both in the same action. There was no attempt to declare ex contractu or in assumpsit in this case; all the counts are ex delicto and in case, based on negligence.

As to the duty, care, and skill required of physicians and surgeons, the rule (as twice before announced) is as follows: " 'The reasonable and ordinary care, skill, and dilligence which the law requires of physicians and surgeons in such as physicians and surgeons in the same general neighborhood, in the same general line of practice, ordinarily have and exercise in a like case.' This

statement was appropriated from 14 Am. & Eng. Law, pp. 76, 78. The like doctrine is announced in 30 Cyc. 1575."—*McDonald v. Harris*, 131 Ala. 359, 368, 31 South. 548; *Shelton v. Hacelip,* 167 Ala. 217, 51 South. 937.

There was no error in allowing the question to be propounded to Dr. Lusk, "Whether it was reasonable prudence on the part of a surgeon setting a broken limb to leave the patient for 10 days without any one trained in treating wounds, and with instructions to his parent that he need not be sent for unless the hand turned black."

The only objection assigned was that it substituted the witness for the jury, and called for an opinion which he, as an expert, could not give; that is, the objection concedes that the witness was shown to be an expert. And if such he was, he was competent to give an expert opinion as to the question hypothesized. There was evidence justifying the hypothesis put; and it was not a substitution of the witness for the jury, but was to afford them the benefit of an expert's opinion as to whether that kind of treatment was reasonable prudence.—*L. & N. R. R. Co. v. Stewart*, 128 Ala. 313, 29 South. 562; 1 Greenl. Ev. § 441k et seq.; *Parish's Case*, 130 Ala. 92, 30 South. 474.

Likewise, there was no error in allowing Dr. Johnson to testify as to how soon, after setting an arm, it would be reasonably prudent to return to see the patient, where the injury was such as it was shown to be in this case. While this question did not hypothesize the facts upon which the opinion was based, as was done in the question to Dr. Lusk, but was based upon an injury "such as was shown in this case," yet no injury could or did result from allowing the question, because the character of the injury in that case was not disput-

*

[Carpenter v. Walker.]

ed by the plaintiff nor the defendant; it was a broken arm—a compound fracture of the forearm. So the character of the injury was not a disputed question, to be passed upon by the jury and not by the witness; it was conceded and not disputed.

There was no error in giving charge A. It was correct, when applied to the evidence in the case. The amount of damages was a question for the jury, to be determined from the evidence; and it was not error for the court to limit it to the amount claimed in the complaint. The court did not intimate that the jury should find for the full amount claimed, and the jury did not so find. There was evidence to support the verdict as to the amount; and the charge was that the jury should be governed by the evidence—which was of course proper.

We find that there is nothing in appellee's motion to dismiss the appeal or to strike the bill of exceptions. Appellee delayed too long in making his motion to dismiss the appeal for failure to file transcript. The motion was not made at the term or call at which the transcript was submitted, but at the next call of the Eighth Division, after an order had been made by this court for certiorari to perfect the record, and continuing the case. He should have made his motion at the term or call to which the transcript was returnable. The bill of exceptions was signed within the time fixed by law and by the orders of the presiding judge.

Finding no error, the judgment is affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and McCLELLAN, JJ., concur.