(87 South. 161)
HORN v. POPE. (4 Div. 884.)

(Supreme Court of Alabama. Oct. 21, 1920. Rehearing Denied Dec. 18, 1920.)

1. Limitation of actions ⚖=118(2) — Filing complaint stops running of statute.

Under Code 1907, § 4853, making the filing of the complaint the commencement of the suit, which changed the previous provision making the issue of the summons the commencement of the suit, the filing of a complaint in the office of the circuit clerk intercepted the statute of limitations, though the summons was not issued until after the time of limitations had expired.

2. Limitation of actions ⚖=123 — Order for summons and alias complaint held not abandonment of existing suit.

Where plaintiff filed his complaint before the expiration of the period of limitations, but no summons was issued thereon, an order procured by plaintiff for the issuance of summons and an alias complaint manifested an intention to continue the existing suit, and therefore was not a discontinuance and institution of a new suit which would have been barred.

3. Physicians and surgeons ⚖=18(4) — Counts of complaint for negligent treatment held sufficient.

Each of the six counts of a complaint to recover damages occasioned by a physician's negligence in treating plaintiff's broken leg held sufficient.

4. Trial ⚖=142 — Evidence affording reasonable inferences warrants denial of general charge to defendant.

The trial court did not err in refusing defendant the general charge, where there was evidence affording the jury a reasonable inference of every material fact relied upon in each count of the complaint.

5. Physicians and surgeons ⚖=18(10) — Charge as to duty and negligence held proper.

In an action against a physician for malpractice, a charge that if defendant assumed to treat plaintiff's broken leg plaintiff was entitled to receive from defendant the care, attention, and skill of an ordinary skilled physician and surgeon, and that if he did not receive it, and as a consequence thereof and without fault on the part of any one else suffered injury, the jury should find for plaintiff, was proper.

6. Appeal and error ⚖=1005(2) — Denial of new trial not reversed if evidence supports verdict.

The Supreme Court will not disturb the action of the trial court in refusing to grant defendant's motion for new trial because of insufficiency of the evidence, where there was evidence supporting the verdict.

Appeal from Circuit Court, Crenshaw County; A. E. Gamble, Judge.

Action by C. Pope, by his next friend, D. P. Pope, against J. R. Horn, for damages for malpractice. Judgment for plaintiff, and defendant appeals. Affirmed.

As last amended the complaint is as follows:

Plaintiff, C. Pope, a minor, by his next friend, D. P. Pope, claims of the defendant, J. R. Horn, the sum of $15,000 as damages for that heretofore, to wit, on the 26th day of November, 1916, the plaintiff broke his leg, and the defendant held himself out as a practicing physician and surgeon in the county of Crenshaw, Ala., and as such physician and surgeon the

defendant was employed and retained by the father of plaintiff to attend upon and treat the broken leg of plaintiff, and that the defendant entered upon said employment; and the plaintiff avers that the defendant conducted himself in such an unskillful manner in and about the treatment of said broken leg that as a proximate consequence of such unskillfulness and negligence in and about the treatment of plaintiff's said broken leg plaintiff was greatly injured in this, to wit: He was made sick and sore; he was not able to walk for a long time, and suffered great physical pain and mental anguish; that his leg was made crooked, and the bones of said leg failed to unite; and that it necessitated a dangerous operation—all to his great damage as aforesaid; hence this suit.

(2) Plaintiff, C. Pope, a minor, by his next friend, D. P. Pope, claims of the defendant $15,000 as damages for that heretofore, to wit, on the 26th day of November, 1916, the defendant was a physician and surgeon practicing in the county of Crenshaw, Ala., and then and there held himself out as such physician and surgeon; that as such he undertook for a reward to treat and set the leg of plaintiff, which had been fractured, and plaintiff avers that defendant so negligently conducted himself in that regard that as a proximate consequence of said negligence plaintiff suffered injuries in this, to wit: His leg was made crooked; the bones of the leg were not set together; the bones of the leg did not grow together; he suffered great physical pain and mental anguish; he was made ill; it necessitated another and serious operation—all to his great damage as aforesaid; hence this suit.

(3) Plaintiff, C. Pope, a minor, by his next friend, D. P. Pope, claims of the defendant, J. R. Horn, the sum of $15,000 as damages, for that heretofore, to wit, on the 26th day of November, 1916, the defendant was a physician and surgeon practicing in the county of Crenshaw, state of Alabama; that the plaintiff had a broken leg, and defendant undertook to treat the plaintiff's said broken leg for hire or reward; that it then and there became and was the duty of the defendant to exercise due care, skill, and diligence in said treatment of the plaintiff, but, notwithstanding said duty, the defendant so negligently conducted himself in that manner that, as a proximate consequence thereof, plaintiff was greatly injured in this, to wit: His leg was made crooked; the bones of the leg did not unite; that it necessitated a great and dangerous operation; that he was made sick; he suffered great mental anguish and physical pain, necessitating an operation—all to his great damage as aforesaid; hence this suit.

(4) Plaintiff, C. Pope, a minor, by his next friend, D. P. Pope, claims of the defendant, J. R. Horn, the sum of $15,000 as damages for that heretofore, to wit, on the 26th day of November, 1916, the defendant was a practicing physician and surgeon in the county of Crenshaw, state of Alabama, and as such was retained and employed to treat plaintiff's leg, which was broken, and plaintiff avers that the defendant entered upon such employment, but conducted himself in such an unskillful and negligent manner in and about said treatment that as a proximate consequence thereof plain-

tiff was greatly injured in this, to wit: His leg was made crooked; the bones of the leg did not unite; that it necessitated a great and dangerous operation; that he was made sick; he suffered great mental anguish and physical pain—all to his great damage as aforesaid; hence this suit.

(5) Plaintiff, C. Pope, a minor, by his next friend, D. P. Pope, claims of the defendant, J. R. Horn the sum of $15,000 for that the plaintiff was retained and employed by the father of the plaintiff as a surgeon to attend upon the plaintiff to examine, heal, properly set and adjust and treat the leg of plaintiff for a fracture, wound, and injury, said fracture being between the hip and knee joint, from which the plaintiff was then suffering, for a reward to be paid to the defendant by the father of the plaintiff, and defendant accepted and entered upon said retained employment, and conducted himself in such an ignorant and unskillful and careless and negligent manner in that behalf, whereby plaintiff became ill, sick, and diseased, and the bones of the leg failed to unite, the leg became crooked, and necessitated a serious and dangerous operation; and plaintiff avers that his said condition was caused by the negligence and carelessness and unskillful treatment of the defendant; hence this suit.

(6) Plaintiff, C. Pope, a minor, by his next friend, D. P. Pope, claims of the defendant. J. R. Horn, the sum of $15,000, for that the plaintiff suffered an accident whereby his leg was broken, wounded, and injured between the hip and knee, and the defendant was employed by plaintiff's father in the capacity of surgeon and physician, he then and there being such, and holding himself out as such to the public, as such examined and treated in his capacity as such physician and surgeon the leg of plaintiff, and the defendant did examine and did undertake to treat plaintiff's leg in the capacity of such surgeon and physician, and by reason of the unskillfulness, carelessness, and negligence of the defendant the said fracture, wound, and injury was improperly treated, whereby the plaintiff was greatly injured in this, to wit: His leg was set crooked; the bones in the leg were not set together; the bones of the leg did not grow together; he suffered great mental anguish and physical pain; he was made ill, and it necessitated another and serious operation—all to his great damage as aforesaid; hence this suit.

At request of plaintiff the court gave the following written charge:

(1) If the jury believe from the evidence that the plaintiff broke his leg, and that the defendant was employed by the plaintiff's father (plaintiff being a minor) to treat and attend the same as a physician and surgeon, and he entered upon and undertook such employment, and did set or dress or treat the plaintiff's said leg as a physician or surgeon. and assumed charge of the same, then the plaintiff was entitled to receive from the defendant the care, attention, and skill of an ordinarily skilled physician and surgeon. And if you believe that the plaintiff did not receive from the defendant such care, attention, and skill, and that in consequence of not receiving the same and without fault on the plaintiff's part,

or on the part of any one else, suffered increased pain, suffering, and injury, then the jury are instructed that the defendant is liable and the jury will render a verdict for the plaintiff, and assess his damages found from the evidence, not to exceed the amount claimed in the complaint.

Frank B. Bricken, of Luverne, and J. J. Mayfield, of Montgomery, for appellant.

This action was barred by the statute of limitations when it was commenced October 10, 1918. Subdivision 5, § 4840. See, also, sections 4853, 5296, 5297. As to when a civil action will lie against a physician, see 131 Ala. 359, 31 South. 548; 167 Ala. 217, 51 South. 937; 169 Ala. 171, 52 South. 932; 170 Ala. 659, 54 South. 60, Ann. Cas. 1912D, 863. This cause should be reversed. 175 Ala. 210, 57 South. 23; 167 Ala. 220, 51 South. 937. The complaint is insufficient. 151 Ala. 333, 44 South. 46, 158 Ala. 129, 48 South. 600; 148 Ala. 81, 42 South. 52, 7 L. R. A. (N. S.) 920, 121 Am. St. Rep. 34, 12 Ann. Cas. 612; 12 Ala. 567.

Hill, Hill, Whiting & Thomas and C. P. McIntyre, all of Montgomery, for appellee.

Each count was sufficient and not subject to the demurrer. 168 Ala. 612, 53 South. 76; 169 Ala. 171, 52 South. 932; 169 Ala. 275, 28 L. R. A. (N. S.) 1106; 170 Ala. 659, 54 South. 60, Ann. Cas. 1912D, 863; 175 Ala. 194, 57 South. 23; 171 Ala. 251, 55 South. 170; 191 Ala. 553, 68 South. 30, Ann. Cas. 1916C, 1097. On these authorities there was no error in the charges given for the plaintiff. There was conflict in the evidence and the defendant was not entitled to a directed verdict. 144 Ala. 343, 39 South. 74. The plaintiff was a minor, and was barred by the statute of limitations of one year. 140 Ala. 633, 37 South. 295; 181 Ala. 427, 61 South. 62; sections 4840 and 4846, Code 1907. In any event the suit was begun within the year, as the complaint was filed October 10, 1917. 198 Ala. 295, 73 South. 504; 159 Ala. 472, 49 South. 225.

ANDERSON, C. J. [1] Under the Code of 1896, § 2814, it is provided that the "suing out of a summons is the commencement of a suit." West v. Engle, 101 Ala. 509, 14 South. 333; Ware v. Swann & Billups, 79 Ala. 330. The foregoing section was amended, however, by Act of 1903, p. 370, and as amended became section 4853 of the Code of 1907, and provides that the commencement of the suit is the "filing of the complaint, * * * or other statement of plaintiff's cause of action, in the office of the clerk of the circuit court, register in chancery or other ministerial office of courts of like jurisdiction." The complaint in this cause was filed in the office of the circuit clerk within a year after the cause of action arose, and intercepted the statute of limitations, notwithstanding the

205 Ala.—9

summons was not issued for more than a year thereafter. Farmers' Oil Co. v. Melton, 159 Ala. 469, 49 South. 225. We must not be understood, however, as holding that this suit of a minor by his next friend would have been barred if not brought within a year after the cause of action arose.

[2] As above noted, the suit was commenced by filing the complaint with the clerk, though of course no order or judgment could have been taken upon same until the defendant was served with process or voluntarily appeared. The cause was placed upon the docket, and at the succeeding term (spring of 1918) was continued. The plaintiff, at the fall term of 1918, while the cause was still pending, procured an order for the issuance of a summons upon the defendant and an alias complaint. This was in no sense an abandonment of the pending or original cause so as to operate as a discontinuance of same, but was merely an effort on the part of the plaintiff to get the cause in shape for the prosecution of same by having the defendant summoned to answer the complaint as originally filed; the alias being intended as a mere duplicate or copy of same. The plaintiff was guilty of no act or omission amounting to an abandonment of the cause, and was not chargeable with the neglect of the clerk in not promptly issuing a summons after he had filed his complaint, and the fact that he obtained an order at the fall term 1918 for a summons and alias complaint indicated a purpose to prosecute his pending cause to a finish, rather than the abandonment of same and the commencement of a new action. Forrester v. Forrester, 39 Ala. 320; Ex parte Humes, 130 Ala. 201, 30 South. 732.

[3] Each count of the complaint sufficiently conforms to rules of pleading in cases of this character as heretofore established and approved by this court, and neither of them was subject to the defendant's demurrer. Hamrick v. Shipp, 169 Ala. 171, 52 South. 932; Robinson v. Crotwell, 175 Ala. 194, 57 South. 23; Carpenter v. Walker, 170 Ala. 659, 54 South. 60, Ann. Cas. 1912D, 863; T. C. I. Co. v. Smith, 171 Ala. 251, 55 South. 170.

[4] The trial court did not err in refusing the general charge, as there was evidence affording the jury a reasonable inference of every material fact set forth and relied upon in each count of the complaint.

[5] There was no error in giving the plaintiff's requested charge, which we designate upon the margin of the record as No. 1. A similar charge was approved by this court in the case of Carpenter v. Walker, 170 Ala. 659, 54 South. 60, Ann. Cas. 1912D, 863, and said charge was fully warranted under the facts in the case at bar.

[6] There was evidence fully warranting and supporting the verdict of the jury, and under the well-recognized rule established by

this court in the case of Cobb v. Malone, 92 Ala. 630, 9 South. 738, we must decline to disturb the action of the trial court in refusing to grant the defendant's motion for a new trial.

The judgment of the circuit court is affirmed.

Affirmed.

McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.