(121 So. 394)
## DABNEY v. BRIGGS.   (6 Div. 184.)

Supreme Court of Alabama.   March 28, 1929.

Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellant.

Woodall & Patrick, of Birmingham, for appellee.

ANDERSON, C. J.   " 'A civil action for malpractice against a physician and surgeon may be sustained on proof of a failure to exercise reasonable and ordinary care, diligence and skill in respect to the duty so assumed and undertaken as physician and surgeon—such care and skill as physicians and surgeons in the same general neighborhood, pursuing the same general line of practice, ordinarily employ and exercise in a like case.   Robinson v. Crotwell, 175 Ala. 194, 57 So. 23;   Carpenter v. Walker, 170 Ala. 659, 54 So. 60, Ann. Cas. 1912D, 863;   Shelton v. Hacelip, 167 Ala. 217, 51 So. 937;   McDonald v. Harris, 131 Ala.

359, 31 So. 548; 30 Cyc. 1575; 14 Am. & Eng. Ency. Law (1st Ed.) 76, 78.' Talley v. Whitlock, 199 Ala. 28, 73 So. 976; 21 R. C. L. 381, § 27.

"Obvious corollaries to this rule of liability are that a physician or surgeon, unless by express undertaking, does not warrant a cure or a successful result, and is not liable for an honest mistake or error of judgment in making a diagnosis, or prescribing a mode of treatment, where the proper course is subject to reasonable doubt. Barfield v. S. H. Infirmary, 191 Ala. 553, 68 So. 30, Ann. Cas. 1916C, 1097; 21 R. C. L. 391, § 35. * * *

"The doctrine of res ipsa loquitur does not apply to the mere fact of a blood infection, however closely, in temporal sequence, it may follow a medical treatment. The burden of proof is not shifted by showing that an unsuccessful result has attended the treatment of the patient by the physician. Nor does the unsuccessful result of the case shift from the plaintiff to the defendant the burden of going forward.' 21 R. C. L. 407, § 49, citing Sweeney v. Erving, 35 App. D. C. 57, 43 L. R. A. (N. S.) 734, affirmed in 228 U. S. 233, 33 S. Ct. 416, 57 L. Ed. 815, Ann. Cas. 1914D, 905, and note; Gillette v. Tucker, 67 Ohio St. 106, 65 N. E. 865, 93 Am. St. Rep. 639, note 665." Moore v. Smith, 215 Ala. 592, 111 So. 918.

The appellee suggests that the case was properly submitted to the jury upon the theory of negligence in the treatment of his finger, to wit: That the defendant did not, on the first occasion and when he opened the boil on plaintiff's finger, properly clean or sterilize the blade with which he lanced or opened the boil, or that he unduly, on that occasion, squeezed or pressed the wound so as to cause a spread of the infection, or that he negligently, on said occasion, failed to put in a drain after the operation, and thereafter negligently failed to cause the wound to be properly drained, or that thereafter he negligently pressed or squeezed the wound causing a simple boil, in the first instance, to spread and become an infection, or that said squeezing or pressure caused the plaintiff unnecessary suffering, or that defendant on several occasions failed to treat plaintiff when he came for treatment, or that he negligently failed to operate on plaintiff's hand by taking off the finger, before it became decomposed to the extent that it was when examined by Dr. Vance, or that he declined to attend and treat the plaintiff in a certain hospital.

■ As to the failure to properly clean or sterilize the blade, with which the boil was opened, the undisputed evidence shows that it was sterilized. So, too, was the defendant entitled to affirmative instructions as to his failure to treat the plaintiff the Sunday morning at his office when he went there with Varner. The defendant was in his inner or private office and, when he entered the wait-ing room, informed the plaintiff that he would see him later, whereupon Varner said, he took the plaintiff away and the plaintiff said he got mad and left. At any rate, the defendant was not shown to have been guilty of negligence in not abandoning other duties and making the plaintiff a preferred patient.

■ As to the defendant's refusal to treat the plaintiff in a certain hospital, and adopting the plaintiff's version of the evidence, he had the right, under the circumstances, to do so, as he had offered to get him in another hospital, and the plaintiff had no right to compel defendant to treat him at a certain place, in the absence of proof that defendant's reason for not doing so was purely whimsical or capricious.

■ As to the failure of the defendant to amputate the finger, the evidence fails to convict him of negligence in this respect. All the evidence shows that amputation should be the last resort and should not be made as long as there was a reasonable possibility of saving the finger. True, Dr. Vance did find it necessary, after he took charge of the plaintiff, but he did not reach this conclusion from the examination the night before, and not until he gave him ether the next day and made a more thorough examination. Moreover, the defendant, upon the last examination, and just before Dr. Vance took the case, discovered that the finger had suddenly grown worse and told the plaintiff he must go to the hospital, and had he been willing to go to one where the defendant was willing to treat him, be may have done just what Dr. Vance did. On the other hand, had he amputated the finger sooner, we would no doubt be passing upon a case for the negligent or unnecessary amputation of the finger.

■ This brings us to the remaining questions, as to whether or not the defendant was guilty of negligence in not properly draining the boil after the operation, and whether or not he was guilty of negligence in improperly pressing or squeezing the boil during the treatment in order to remove the pus. There seems to be some little conflict in the medical opinions or authorities as to whether or not there should be a drain. The book or excerpt therefrom seems to indicate that there should have been a drain, while the experts who testified as to the modern practice in that community expressed the opinion that this rule was not invariable and the propriety of a drain would be dependent upon the nature and character of the boil, and, this being the case, the defendant, who saw and examined it at and before the operation and who did not deem a drain necessary or proper, was not seriously contradicted directly, but perhaps inferentially. All seem to agree that a pressure, massage, or squeezing was a proper method to eradicate the pus, while all agreed, including the excerpt from the medical book, that "any violent attempts of curetting or squeezing are to be condemned." The plain-

tiff testified that the defendant did on several occasions squeeze the boil and it gave him a great deal of pain, while the defendant testified that the squeezing or pressure was gentle and was resorted to only as an honest effort to remove the pus, and we do not think that the plaintiff's evidence that it pained him should, of itself, outweigh the defendant's evidence as to the amount of pressure used, as the expert evidence shows that even a slight pressure will produce pain—a fact also well known to any man or boy who has ever suffered from a boil.

Therefore, conceding that the defendant was not entitled to the general charge, owing to the fact that there were contradictory inferences, yet we think the inferences were so contrary to the decided weight of the evidence as to place the trial court in error for the refusal of the defendant's motion for a new trial, and the judgment of the trial court is reversed, and the cause is remanded. Carraway v. Graham, 218 Ala. 453, 118 So. 807.

Reversed and remanded.

SAYRE, THOMAS, and BROWN, JJ., concur.