Is a civil action "commenced" for purposes of tolling the applicable statute of limitations when an attorney files a complaint but directs the clerk to withhold service of process in the case? That is the central issue of this appeal.
On September 17, 1979 appellant Janice Nell Ward filed her complaint in the circuit court of Montgomery County seeking damages against the appellees, Saben Appliance Company, Inc., and Brenda Allen, Inc., for personal injuries allegedly suffered by her on September 16, 1978, when she slipped and fell on the appellees' business premises. September 17, 1979, was clearly the last day for filing the negligence claim prior to the running of the one-year statute of limitations. The alleged injury occurred on September 16, 1978, a Saturday, but September 16, 1979 was a Sunday; therefore, the filing of the complaint on September 17, 1979, was otherwise timely. After filing the complaint in the clerk's office, however, the appellant's attorney directed the clerk to withhold personal service until he could obtain additional information on the case. The appellant's attorney, who was apparently retained only a short time prior to the date the applicable statute of limitations would bar the claim, claims that his request for withholding service was made to allow further investigation of the case and possibly prevent the pursuant of a frivolous claim or unnecessary litigation.
Upon receiving additional information concerning the extent of the appellant's injuries, appellant's attorney instructed the clerk's office to proceed with service. Appellees were eventually served on January 18, 1980.
In response to the complaint, which contained both a negligence claim and a contract claim, appellees filed a motion to dismiss which, by agreement of the parties, was treated as a motion for summary judgment. On February 29, 1980, the trial court ruled that the filing of the complaint with the clerk's office was only an "equivocal" filing and was not sufficient to toll the running of the statute of limitations. The negligence action was, therefore, held to be untimely filed. Subsequently, on May 20, 1980, the court granted summary judgment in favor of appellees on the breach of contract *Page 1032 
claim. The present appeal is expressly limited to the trial court's ruling on the negligence count.
The crucial question is what effect did the request by appellant's attorney that service be withheld have upon the question of when the appellant's claim was "commenced." Both the Alabama and Federal Rules of Civil Procedure expressly provide that "[a] civil action is commenced by filing a complaint with the court." See, Rule 3, ARCP, and Rule 3, FRCP. A major function of these rules is to identify, with certainty, the specific time when a civil action is initiated. The filing of a complaint is, therefore, a significant factor in commencing actions and suspending the operation of applicable statutes of limitations; however, it is not the sole factor.
A review of the events surrounding the adoption of Rule 3, FRCP, reveals that the Advisory Committee adopted a "noncommittal attitude" in drafting a rule which would specify "commencement" in terms of tolling the running of statutes of limitations. 2 Moore's Federal Practice ¶ 3.07[1] (2d ed. 1948). In doing so, the committee consciously avoided the question now confronting us, viz., does the mere filing of a complaint toll the statute of limitations? 4 C. Wright A. Miller, Federal Practice and Procedure § 1056 (1969). Professor Moore offers the following explanation:
 "Although fully aware of the question as to the effect of Rule 3 in relation to statutes of limitations, the Advisory Committee refrained from drafting a clarifying provision. It proceeded on the theory that since Rule 3 might or might not affect statutes of limitations, which in turn probably involved a matter of substance, the complex problem should be left for determination of the courts, without the hindrance of an express provision commanding or prohibiting a particular decision."
2 Moore's Federal Practice ¶ 3.07[1], at 3-46 (2d ed. 1948). What resulted was a state of confusion as to whether commencement under Rule 3 was commencement for all purposes. It is now generally recognized that a mere filing of a complaint is not commencement in all cases. Local courts, by local rule, have specified additional steps for the commencement of a law suit. See, generally Annot., 27 A.L.R.2d 236, 256 (1953).
Like the federal rule, the Alabama rule reveals a "noncommittal attitude" on the issue presently confronting this Court. Contrary to the arguments of the appellant, the rule does not specify that the mere filing of a complaint will constitute commencement for all purposes. The Committee Comments accompanying Rule 3, ARCP, indicate that, when adopted, the rule was in accordance with existing Alabama practice. At that time Code of 1940, Tit. 7, § 43, governed the commencement of actions and provided that "[t]he filing of the complaint, bill of complaint, or other statement of plaintiff's cause of action, in the office of the clerk or register of the circuit court, or other ministerial office of courts of like jurisdiction, shall constitute the commencement of suit." This statute amended a prior statute which provided that "the suing out of the summons" would constitute the commencement of a suit. See, Code of 1886, § 2631. All of these prior statutes were intended to pinpoint a definite time for the commencement of civil actions. Likewise, they were intended to specify a time which would not be dependent upon actual service of process. In examining the history of the 1886 commencement statute, the Court, in West v. Engel, 101 Ala. 509, 14 So. 333
(1893), noted that:
 ". . . The occasion for the adoption of this statute was, no doubt, that it was the practice of the King's Bench and Common Pleas in England, and in some of the States, not to hold the suit as commenced until the writ was served and returned. — Johnson v. Farwell, 7 Greenl. 372. Under such a practice, the statute of limitations might be indefinitely suspended, putting it often in the hands of the parties, *Page 1033 
on the one side or the other, as interest might suggest, to determine when a suit should be considered as commenced. It is of importance that the period of the commencement of the running of the statute of limitations of actions, and the end of its running, shall be definitely fixed in the law. It is said, therefore, that, except in Connecticut and Vermont, the issuing and suing out of the writ is the commencement of the action, and in those States, the service is the commencement. — 1 Amer. Eng.Encyc. of Law, 184, and authorities under note 4." (Emphasis supplied.)
It is plain, from a reading of the law, that the commencement of actions is intricately related to the running of statutes of limitations. Both West and other cases indicate that it is extremely desirable to have some specified act to fix the date when the action is begun which tolls the running of the statute of limitations. For example, after recognizing the need to establish a definite time for tolling statutes of limitations, the Court, in West, went on to consider the question of when a summons could be said to be sued out. The actual suing out of the summons was a physical act which could be identified; however, the Court noted that sometimes the "bona fide
intention" which accompanies an act is important. The Court, at101 Ala. 509-510, 14 So. 334, reasoned as follows:
 "In Burdick v. Green, 18 Johns. 14, it was held that the issuing of the writ is the commencement of the action, in all cases where time is material, so as to save the statute of limitations; and that it is not necessary to show that it was actually delivered to the sheriff, but sufficient if made out and sent to him by mail or otherwise, with a bona fide, intention of having it served.
* * * * * *
 "Ross v. Luther, 4 Cow. 158, is a case directly in point, where it was held, that the issuing of the writ was the commencement of the action; that the mere filing it up is not sufficient; it must be either delivered to the sheriff or sent to him by mail or otherwise, with a bona fide, absolute, unequivocal intention to have it served; that if delivered to an agent or messenger who has power to determine, when or whether it shall be given to the sheriff, the writ is not deemed issued, nor the suit commenced. . . .
* * * * * *
 "In this State, the practice is to allow an alias
summons and complaint, whenever an action has been commenced but not served. Without the commencement of a suit, an alias writ is anomalous. A summons may be signed by the clerk and dated and allowed to lie dormant in his office until the next term or he may hand it to the attorney for the plaintiff, and he may keep it in his possession and never deliver it to the sheriff, and in neither case could the summons be said to have issued, or the suit commenced, nor would an alias lie upon it at the next term.
 "Our conclusion, therefore, from our own and other adjudged cases, is, that a summons can not be said to be sued out, under our statute, until it passes from the hands of the clerk to the sheriff, or other proper office, to be executed or sent by mail or otherwise, with a bona fide unequivocal intention to have it served." (Emphasis supplied.)
Appellant relies heavily upon the holding of this Court inHorn v. Pope, 205 Ala. 127, 87 So. 161 (1920), which does indeed state that a suit is commenced by filing a complaint with the clerk.
In Horn, the Court applied the law to the facts of that case and concluded:
 "Under the Code of 1896, § 2814, it is provided that the `suing out of a summons is the commencement of a suit.' West v. Engle, 101 Ala. 509, 14 So. 333; Ware v. Swann Billups, 79 Ala. 330. The foregoing section was amended, however, by Act of 1903, p. 370, and as *Page 1034 
amended became section 4853 of the Code of 1907, and provides that the commencement of the suit is the `filing of the complaint, * * * or other statement of plaintiff's cause of action, in the office of the clerk of the circuit court, register in chancery or other ministerial office of courts of like jurisdiction.' The complaint in this cause was filed in the office of the circuit clerk within a year after the cause of action arose, and intercepted the statute of limitations, notwithstanding the summons was not issued for more than a year thereafter. Farmers' Oil Co. v. Melton, 159 Ala. 469, 49 So. 225.
* * * * * *
 "As above noted, the suit was commenced by filing the complaint with the clerk, though of course no
 order or judgment could have been taken upon same until the defendant was served with process or voluntarily appeared. The cause was placed upon the docket, and at the succeeding term (spring of 1918) was continued. The plaintiff, at the fall term of 1918, while the cause was still pending, procured an order for the issuance of a summons upon the defendant and an alias complaint. This was in no sense an abandonment of the pending or original cause so as to operate as a discontinuance of same, but was merely an effort on the part of the plaintiff to get the cause in shape for the prosecution of same by having the defendant summoned to answer the complaint as originally filed; the alias being intended as a mere duplicate or copy of same. The plaintiff was guilty of no act or omission amounting to an abandonment of the cause, and was not chargeable with the neglect of the clerk in not promptly issuing a summons after he had filed his complaint, and the fact that he obtained an order at the fall term 1918 for a summons and alias complaint indicated a purpose to prosecute his pending cause to a finish, rather than the abandonment of same and the commencement of a new action. Forrester v. Forrester, 39 Ala. 320; Ex parte Humes, 130 Ala. 201, 30 So. 732."
In Horn, this Court specifically pointed out that "[t]he plaintiff was guilty of no act or omission amounting to an abandonment of the cause, and was not chargeable with the neglect of the clerk in not promptly issuing a summons after he had filed his complaint. . . ." In Horn, the Court noted that the plaintiff's actions "indicated a purpose to prosecute his pending cause to a finish. . . ." Here, plaintiff's action, through her attorney, in directing the clerk to withhold service until her attorney could further investigate the claim, while not necessarily an indication of an abandonment of her claim, was an indication that the filing of the complaint was only an equivocal act. In any event, the attorney's action was the cause of the clerk's failure to promptly issue a summons.
We recognize that these older cases involve the interpretation of statutes no longer in existence. Even so, they reveal the law as espoused by this Court. Whether the physical act which commenced a civil action was the suing out of a summons or the filing of a complaint, extraneous factors wholly outside the statutes were relevant in determining the actual commencement of the suit. It was this procedure which Rule 3, ARCP, was intended to incorporate.
Several federal cases, applying Rule 3, FRCP, have embodied requirements which make a bona fide intention to pursue the claim a fundamental prerequisite to commencement. See, e.g.,United States v. Spreckles, 50 F. Supp. 789 (N.D.Cal. 1943). Various states with commencement statutes similar to Rule 3, ARCP, have held that a civil action is commenced only when the complaint or other pleading is filed with the intention of having it served in due course. Louisville N.R. Co. v.Little, 264 Ky. 579, 95 S.W.2d 253 (1936) (action not commenced when plaintiff's attorney filed the complaint but failed to deliver the complaint for process); Green v. Ferguson,184 S.W.2d 790 (Mo.App. 1945) (action not commenced *Page 1035 
where plaintiff's attorney filed a petition but instructed the clerk to withhold process); Erving's Hatcheries, Inc. v.Garrott, 168 So.2d 52 (Miss. 1964) (action not commenced where plaintiff's attorney filed a complaint but instructed the clerk to withhold process); Deboer v. Fattor, 72 Nev. 316,304 P.2d 958 (1956) (action not commenced where plaintiff's attorney filed a complaint but failed to deliver the complaint to the sheriff for service). See also, Annot., 27 A.L.R.2d 236 (1953). Thus, as generally stated in 1 C.J.S. Actions § 129 (1936):
 "Intention to commence an action must be considered, for while the intention is insufficient without actually doing the required act, so also is the doing of such act without an actual, bona fide intention that it shall operate as a commencement of the action."
We hold that in the present case the action was not "commenced" when it was filed with the circuit clerk because it was not filed with the bona fide intention of having it immediately served. To hold otherwise would permit a party to extend unilaterally the period of limitations by an oral request that actual service be withheld, thereby giving that party an additional period of time within which he could conduct an investigation to determine whether in fact, he had a claim. To permit this would violate the fundamental concept of repose found within every statute of limitations.
Accordingly, the judgment of the trial court granting appellees' motion for summary judgment on the negligence claim is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.
[EDITORS' NOTE: PAGES 1036-1037 CONTAINS DECISIONS WITHOUT PUBLISHED OPINIONS.] *Page 1038