These are appeals from the granting of summary judgments for all defendants against plaintiffs Derek Freer and United States Fire Insurance Company (U.S. Fire) in an action arising from an automobile accident in Mobile, Alabama.
The accident occurred on April 5, 1978, when a truck driven by one of the defendants, James A. Pinson, collided with a vehicle driven by defendant Thomas H. Potter. Pinson was an employee of defendant Southeast Steel Company Wire Corporation (Southeast Steel) and Potter was an employee of defendant Paper Products Co. Plaintiff Freer, a Florida resident, was a passenger in the car driven by Potter and was injured in the accident. Potter is an Alabama resident and Paper Products Co. is an Alabama corporation, while Pinson is a Louisiana resident and Southeast Steel is a Louisiana corporation.
On April 4, 1979, one day before the statute of limitations was to run, Freer filed complaints in the Circuit Court of Mobile County against all defendants and in the Civil District Court for Orleans Parish, Louisiana, against all defendants except Paper Products, Inc. In Louisiana, service of process was issued on that date against all defendants named in that suit. In Alabama, however, there was attached to the complaint a statement regarding service that stated:
"PLEASE SERVE DEFENDANTS
(AFTER NOTIFICATION BY PLAINTIFF'S COUNSEL)."
A note from plaintiff's counsel filed in the clerk's office stated:
"DEAR KATIE
 "PLEASE WITHHOLD SERVICE ON THE FREER V. PORTER [sic] PAPER PRODUCTS CASE. WE ARE ATTEMPTING TO SETTLE SAME.
"EDWARD MASSEY"
The docket sheet contained the following notation:
 "SERVICE WITHHELD AT THE REQUEST OF ED MASSEY, ATTEMPTING TO SETTLE SAME (see note in file)."
On July 3, 1979, the suit in Louisiana was dismissed as against Potter for lack of jurisdiction. The suit remains pending against Pinson and Southeast Steel.
In Alabama, Paper Products Co. was not served with the summons and complaint until June 30, 1980, some two years, two months, and twenty-five days after the accident. Potter was not served until July 17, 1980, two years, three months, and twelve days after the accident. Southeast Steel was served by certified mail on May 25, 1979, and service was attempted on Pinson on June 15, 1979. Pinson's attorney accepted service for him on February 17, 1981. On March 17, 1980, a complaint in intervention was filed by appellant U.S. Fire.
On January 30, 1981, defendants Potter and Paper Products Co. moved for the entry of a summary judgment on the authority ofWard v. Saben Appliance Co., 391 So.2d 1030 (Ala. 1980). On February 5, 1981, defendants Pinson and Southeast Steel filed a *Page 1081 
motion for summary judgment, relying on the same authority. Briefs were filed, oral argument was made by all parties, and the motions for summary judgment were granted on June 19, 1981, in favor of all defendants.
On July 23, 1981, more than thirty days from the entry of the court's order granting summary judgment, the plaintiffs filed a motion for reconsideration. This motion was denied by the court on July 31, 1981. Later that day, forty-two days after the entry of final judgment, notice of appeal was filed by Freer and on September 4, 1981, more than forty-two days after final judgment, notice of appeal was filed by U.S. Fire.
Appellants contend that our recent case of Ward v. SabenAppliance Co., 391 So.2d 1030 (Ala. 1980), was an incorrect statement of the law and should be overruled. We cannot agree. In that case, this Court held that while the filing of a complaint is a significant factor in commencing an action and suspending the operation of the applicable statute of limitations, it is not the sole factor to be considered. The Court further stated:
 "We hold that in the present case the action was not `commenced' when it was filed with the circuit clerk because it was not filed with the bona fide
intention of having it immediately served. To hold otherwise would permit a party to extend unilaterally the period of limitations by an oral request that actual service be withheld, thereby giving that party an additional period of time within which he could conduct an investigation to determine whether in fact, he had a claim. To permit this would violate the fundamental concept of repose found within every statute of limitations."
391 So.2d at 1035. A large number of cases support that rule.Jordan v. Bosworth, 123 Ga. 879, 51 S.E. 755 (1905) (filing with note to "hold it" did not constitute commencement of the action until such instructions were withdrawn); Peterson v.Philadelphia Suburban Transportation Co., 435 Pa. 232,255 A.2d 577 (1969) ("hold" order given to sheriff releases party from suit since there was no proper filing); Green v. Ferguson,184 S.W.2d 790 (Mo.App. 1945) (filing of suit with instructions to clerk to hold service until further notice was not the "commencement of suit"); Franz v. Radeackar, 264 S.W. 97
(Mo.App. 1924) (if clerk is instructed upon filing to withhold service until further notice, action will not be treated as brought until the clerk proceeds with service); McMullen Oiland Royalty Co. v. Lyssy, 353 S.W.2d 311 (Tex.Civ.App. 1962) (filing of petition does not toll statute of limitations since there must be a bona fide intent to issue process).
Plaintiff Freer argues that under ARCP Rule 3 the filing of the complaint constitutes the "commencement of the action." While this is generally the case, such filing calls for an implied demand for immediate service. When, as here, the plaintiff intentionally interferes with this service by ordering that service be withheld, then the filing will not constitute the commencement of the action, since there is no intent to prosecute the claim at that time.
Freer also contends that if we do not overrule Ward v. SabenAppliance Co., then that case should not apply here, because the plaintiffs filed suit in two jurisdictions and perfected service in the other jurisdiction, Louisiana. Freer contends that since Louisiana has a direct action statute so as to allow a suit to proceed directly against an insurance company, he desired to file suit in Louisiana against all parties, including the Alabama defendants. This was done prior to the expiration of the statute of limitations and service was requested and obtained on all defendants sued there. Freer states that since there was a question of whether the Louisiana court had jurisdiction over the Alabama defendant, the present suit was filed in Mobile County, Alabama, but service was withheld until a determination of jurisdiction over the Alabama defendant was made to avoid the expense of prosecuting two actions at once in two different states. Freer states that when the Louisiana suit was dismissed, service was perfected in this case. As a result, *Page 1082 
Freer alleges, it would be unfair and unjust to apply Ward v.Saben Appliance Co., since the plaintiff did not "sleep on his rights," but attempted to comply with the statutes of limitation and the rules of procedure in both Louisiana and Alabama, and he urges this Court to hold that the statute of limitations was tolled by the attempted prosecution of the Louisiana suit. We cannot agree.
Plaintiff Freer, while attempting to convince this Court that the failure to prosecute the Alabama suit until after it was dismissed in Louisiana was to reduce expenses, fails to mention the burden and expense placed upon the defendants Pinson and Southeast Steel, who presently are being forced to defend the suit in both jurisdictions, and defendant Potter, who was caused to defend the suit in Louisiana and, after its dismissal, in Alabama. Furthermore, Potter was not notified of the suit in Alabama for over one year after the Louisiana suit was dismissed against him. Code 1975, § 6-2-30 (a), states:
 "(a) All civil actions must be commenced after the cause of action has accrued within the period prescribed in this article and not afterwards, unless otherwise specifically provided for in this Code."
Code 1975, § 6-2-30 (a). There is no statute in Alabama that provides for the tolling of the limitations period by the filing of a suit against an Alabama resident in another state that does not have jurisdiction over that resident. Nor is there a renewal statute allowing for the extension of the statute of limitations upon the dismissal of a suit. Thus, we cannot say that the plaintiff's prosecution of the suit in Louisiana tolled the statute of limitations in Alabama.
Turning to the appeal by U.S. Fire, we hold that this appeal must be dismissed, since notice of appeal was not filed within forty-two days of judgment as required by ARAP, Rule 4 (a). While plaintiff Freer did file a motion for reconsideration, it was not filed within thirty days of final judgment as required by ARCP, Rule 59 (e). The filing of an untimely motion for reconsideration or for a new trial does not suspend the forty-two day deadline for appeal. Seale v. Seale,339 So.2d 1028 (Ala.Civ.App.), cert. denied, 339 So.2d 1029 (Ala. 1976). For this reason we need not address the issues raised by U.S. Fire on appeal.
Because of the untimely appeal by U.S. Fire, that appeal is dismissed. As to the plaintiff, Freer, we hold that Ward v.Saben Appliance Co., 391 So.2d 1030 (Ala. 1980), is controlling and that the defendants were entitled to summary judgment as a matter of law. Fountain v. Phillips, 404 So.2d 614 (Ala. 1981);Butler v. Michigan Mutual Insurance Co., 402 So.2d 949 (Ala. 1981). Therefore, the trial court's summary judgments in case 80-828 are affirmed and case 80-888 is dismissed.
AFFIRMED, case 80-828.
DISMISSED, case 80-888.
MADDOX, JONES, SHORES and BEATTY, JJ., concur.