HOUSTON, Justice.
Rebecca Reynolds filed this medical-malpractice action against Dr. Stephen Sheppard and Azalea City Plastic Surgery, P.C. (“Azalea City”), on November 9, 2000, alleging breach of contract and negligence. Both claims alleged malpractice in regard to surgery Dr. Sheppard had performed on the plaintiff at the office of Azalea City on November 13, 1998. The defendants moved to dismiss the action as time-barred. The trial court granted their motion and dismissed the action. Reynolds appealed. We reverse and remand.
The Alabama Legislature established a two-year statute of limitations for “[a]ll actions against physicians, ... medical institutions, or other health care providers for liability, error, [or] mistake, ... whether based on contract or tort.” Ala. Code 1975, § 6-5-482. Reynolds filed her complaint less than two years after the date of the alleged malpractice; however, § 6-5-482 requires that the action be “commenced” within the two-year period. For statute-of-limitations purposes, to “commence” an action one must timely file the complaint and must file it with the intention that process be served upon the opposing party or parties immediately. Mace v. Centel Bus. Sys., 549 So.2d 70 (Ala.1989).
The motion to dismiss was based on the contention that Reynolds had not filed her complaint with the intent that service of process be made immediately upon the defendants. The trial court apparently based the dismissal on that contention. Does the record require a holding that Reynolds, who filed this action pro se, manifested an intent that process not be immediately served upon the defendants? The complaint begins with a recitation of the names and addresses of the plaintiff and the two defendants, with the defendants’ addresses both being stated as *391 “6701 Airport Boulevard, Mobile, Alabama.” The complaint ends with the following request:
“PLEASE SERVE DEFENANT [sic] AS FOLLOWS:
“Dr. Stephen R. Sheppard
Azalea City Plastic Surgery
6701 Airport Blvd., Ste. B-223
Mobile, Alabama 36608”
With her complaint filed with the clerk, Reynolds included only one copy for service on a defendant, and she did not list the address for Dr. Sheppard or for Azalea City on the summonses she filed with her complaint.
An action has not been commenced if the complaint is filed with instructions to the clerk to withhold service. Mace v. Centel Bus. Sys., 549 So.2d 70 (Ala.1989); Finkelstein v. Lovell, 449 So.2d 1240 (Ala.1984); Freer v. Potter, 413 So.2d 1079 (Ala.1982); Ward v. Saben Appliance Co., 391 So.2d 1030 (Ala.1980). Reynolds did not request that service be withheld.
Unless the filing fee is paid or a court-approved verified statement of substantial hardship is filed within the limitations period, the action has not been commenced within that period. Mace, supra; De-Gas, Inc. v. Midland Res., 470 So.2d 1218 (Ala.1985). Reynolds paid her filing fee within the limitations period.
Unless the plaintiff provides instructions for service of process, or an explanation as to why no such instructions are provided, the plaintiff has not commenced an action, for purposes of the statute of limitations. Pettibone Crane Co. v. Foster, 485 So.2d 712 (Ala.1986).
As previously stated, Reynolds’s complaint listed addresses for both defendants, which addresses were the same; the complaint requested service and listed an address at which both defendants could be served. Reynolds filed summonses and paid the filing fee at the time she filed her pro se complaint. These facts do not support the conclusion that, as a matter of law, Reynolds did not intend, when she filed her complaint, that process be immediately served upon Dr. Sheppard and Azalea City.
The trial court erred in granting the motion to dismiss. Therefore, we reverse the judgment of dismissal and remand this case for ' further proceedings consistent with this opinion.
REVERSED AND REMANDED.
STUART, J., concurs.
MOORE, C.J., and LYONS and WOODALL, JJ., concur in the result.