LYONS, Justice
(concurring in the result).
The main opinion concludes, “These facts do not support the conclusion that, as a matter of law, Reynolds did not intend, when she filed her complaint, that process be immediately served upon Dr. Sheppard and Azalea City.” 818 So.2d at 391. The mandate of the main opinion remands for further proceedings consistent with that opinion, presumably including a trial on the issue of intent.
This Court has previously held that certain facts, as a matter of law, establish a lack of intent to commence an action. Instructions to withhold service, that are not revoked within the period of limitations, standing alone, establish a lack of intent to commence an action, as a matter of law. Ward v. Saben Appliance Co., 391 So.2d 1030 (Ala.1980). A lack of intent to commence an action can be found as a matter of law when the plaintiff pays no filing fee, files no summons for service on the defendant, gives no instructions for service, and provides no addresses within the period of *392 limitations. Latham v. Phillips, 590 So.2d 217 (Ala.1991). This Court has held that paying the filing fee and providing instructions for service of process are jurisdictional prerequisites. Mace v. Centel Bus. Sys., 549 So.2d 70 (Ala.1989). In Mace, the plaintiff neither paid the filing fee nor obtained court approval for proceeding without paying a filing fee and also did not provide addresses, a summons, or instructions for service of process. Under the circumstances, this Court determined that, as a matter of law, the plaintiff had lacked the requisite intent to commence the action at the time of filing. In Pettibone Crane Co. v. Foster, 485 So.2d 712 (Ala.1986), failing to provide an address in the amended complaint and failing to give instructions regarding service established a failure to commence an action.
The difficulty comes when some, but not all, of these activities are carried out within the period of limitations. However, under the circumstances here presented, I conclude that the requisite intent has been established, as a matter of law. Reynolds paid a filing fee and included a single address that can reasonably be read as applicable to both defendants. She included a service copy for only one of the two defendants. She did not provide for either defendant a summons on which an address was given. Finally, she did not give instructions as to the manner of service, i.e., certified mail, delivery by a process server, or publication. Nevertheless, the clerk’s office, under the undisputed evidence, advised her daughter that “everything was fine” and assigned a case number. Six days after the fifing of the complaint, the clerk, contrary to the earlier assurance, notified Reynolds that she needed to prepare and send: (a) a service copy of the complaint for the second named defendant; (b) an original and two copies of the summons and complaint for each defendant; and (c) the service address or instructions on the required summons for each defendant. Reynolds promptly cooperated, and service was accomplished 14 days later.
In summary, when she filed her complaint, Reynolds paid her fifing fee, furnished an address suitable for both defendants, and received an assurance from the clerk that “everything was fine.” Thereafter, she effected service of the summons and the complaint on the defendants within 14 days of receiving notice from the clerk that additional documentation was necessary and, in all events, within just 20 days from the fifing of her complaint. I would hold that, as a matter of law, the record establishes the requisite intent to commence the action.
I therefore concur in the result to reverse and remand, but I would limit further proceedings to matters other than the defense of the statute of limitations.
WOODALL, J., concurs.