COBB, Chief Justice
(dissenting).
By affirming the trial court’s summary judgment and thereby approving the trial court’s reliance on Dunnam v. Ovbiagele, 814 So.2d 232 (Ala.2001), the main opinion has altered the longstanding rule that, to “commence” an action within the applicable statutory limitations period, a plaintiff must have a “bona fide intent to have the complaint immediately served,” 814 So.2d at 238, and this intent must be present at the time the action is commenced, i.e., at the time the complaint is filed. See Ex parte East Alabama Mental Health-Mental Retardation Bd., Inc., 939 So.2d 1, 4-5 (Ala.2006) (holding that the defendants were not entitled to a writ of mandamus directing the entry of a summary judgment when the materials submitted to this Court contained evidence indicating that, at the time th.e complaint was filed, the plaintiff intended to serve the complaint); Dunnam, 814 So.2d at 237-39 (determining whether the evidence demonstrated that “at the time of filing the complaint” the plaintiff intended to serve various defendants). Cf.■ Rule 3, Ala. R. Civ. P. (“[A] civil action is commenced by filing a complaint with the court.”); Ward v. Saben Appliance Co., 391 So.2d 1030, 1035 (Ala.1980) (“We hold that in the present case the action was not ‘commenced’ when it was filed with the circuit clerk because it was not filed with the bona fide intention of having it immediately served.” (emphasis added)). Therefore, I respectfully dissent.
In Dunnam, the plaintiff sued three medical doctors: Dr. Luis Marco, Dr. Aya-sha Meloukhia, and Dr. Fortunate Ovbia-gele. This Court held:
“[W]hen the complaint was filed on January 2, 2000, [the plaintiff] had an address at which Dr. Marco could be served, and Dr. Marco, was in fact served at that address on May 5, 2000. We are provided with no explanation, beyond an explanation of misunderstanding and oversight ..., as to why [the plaintiff] did not attempt to effect service at that address on January 2, 2000. We conclude that [the plaintiffs] failure in this regard, viewed objectively, evidences a lack of the required bona fide intent to have Dr. Marco immediately served.”
814 So.2d at 238-39.
However, in Dunnam, the delay in serving the two other defendants, Dr. Melouk-hia and Dr. Ovbiagele, was exactly the same length as the delay in serving Dr. Marco. The court clerk testified that, “at the time of filing,” 814 So.2d at 238, plaintiffs counsel stated that he did not know the address of Dr. Meloukhia or Dr. Ovbia-gele, but that he would find and supply *235 those address “for service on the defendants.” Therefore, as to Dr. Meloukhia and Dr. Ovbiagele, this Court held:
“[U]nder the circumstances of this case we cannot conclude that, as a matter of law, at the time of filing [the plaintiff] lacked that requisite intent. There is a genuine issue of material fact concerning [the plaintiffs] intent to effect service of process on Dr. Meloukhia and Dr. Ovbiagele, and the resolution of the limitations issue as to them is not appropriate on a summary-judgment motion.”
814 So.2d at 238.
Thus, in Dunnam, the only difference between affirming and reversing the summary judgment was whether, at the time of filing, the plaintiff evidenced a bona fide intent to immediately serve the defendants.
The operative facts in the present case are comparable to those pertaining to Dr. Meloukhia and Dr. Ovbiagele in Dunnam, and unlike those pertaining to Dr. Marco. At the time Precise filed her complaint, she provided the clerk’s office with everything necessary for immediate service on all defendants. At the time of filing, everything Precise did was consistent with an intent to serve the defendants immediately. At the time of filing, Precise indicated that she intended to perfect service through a process server. Cf. Dunnam, 814 So.2d at 238-39 (holding that an issue of fact precluded a summary judgment on statute-of-limitations grounds when, at the time of filing the complaint, the plaintiff indicated the intent to obtain service on two defendants, but failed to perfect service on those defendants until nearly six months after the complaint was filed). However, Precise did not obtain service until 131 days after she filed the complaint.[4] Given Precise’s acts and stated intent at the time of filing, an issue of fact exists as to whether, at the time she filed the complaint, she intended to obtain timely service.
The operative facts in this case are also similar to those in Ex parte East Alabama Mental Health-Mental Retardation Board, Inc., supra.[5] In East Alabama, the plaintiff provided the clerk’s office with all the information necessary for immediate service. One additional step was required of the plaintiff to effectuate immediate service: the plaintiff had to place the summonses and complaints in the mail in a timely manner. When the complaints were not served for two and a half months, the defendants moved for a summary judgment, arguing that the delay following the filing of the complaint indicated the plaintiffs lack of intent to serve process at the time of filing the complaint. The trial court rejected that argument, and the de *236 fendants petitioned this Court for mandamus review. This Court held that the record contained “evidence suggesting] that [the plaintiff] intended to serve process upon the defendants when he filed the complaint; he did all that was required by the Rules of Alabama Civil Procedure to facilitate service, short of placing the summonses and complaints in the mail.” 939 So.2d at 5. The Court further noted that, although a delay, like the delay here in dispatching the special process server, “may be some evidence indicating that, at the time [the plaintiff] filed the complaint, he lacked the intention to immediately serve the summons and complaint,” East Alabama, 939 So.2d at 5 (emphasis added), such evidence would have at most created an issue of fact.[6] Thus, the existence of the delay, in and of itself, did not entitle the defendants to a writ of mandamus directing the trial court to enter a summary judgment.
Similarly, when she filed the complaint, Precise did everything required of her by the Alabama Rules of Civil Procedure, and she indicated that she intended to perfect service via process server. All that was required of her after that point was to supply the summonses and complaints to a process server and to see that service was perfected. Thus, as in East Alabama, the record in this case gives rise to competing factual inferences regarding whether, at the time of filing, Precise had an intent to perfect service in a timely manner. Summary judgment was therefore not appropriate. See Dunnam, supra; East Alabama, supra. Accordingly, I respectfully dissent.

. Absent a showing of good cause for the delay, Rule 4(b), Ala. R. Civ. P., requires service on a defendant within 120 days of the filing of the complaint.

. The main opinion attempts to distinguish East Alabama on the ground that that case turned on the "more rigid mandamus standard of review,” which requires that a petitioner establish a "clear” legal right to relief. 60 So.3d at 233. I am unpersuaded by this distinction. The petitioner in East Alabama sought relief from the denial of a motion for a summary judgment. Summary judgment "shall be rendered forthwith” when no material facts are in dispute and the moving party is entitled to judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. In reviewing a summary judgment, this Court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Dunnam v. Ovbiagele, 814 So.2d at 236. Therefore, unless the law is unsettled, being entitled to a summary judgment is no different from being "clearly” entitled to a summary judgment. The law is not unsettled in this case, and it was not unsettled in East Alabama. Practically speaking, the standard of review is the same in both cases.

. While recognizing the possibility that the delay could give rise to an inference of an intent to delay service, this Court held that the "record [was] devoid of any indication that at the time that [the plaintiff] filed his complaint he did not intend to serve process upon” the defendants, 939 So.2d at 4, and that the evidence "suggestfed]” an intent to serve process on the defendants when the plaintiff filed the complaint. 939 So.2d at 5. Thus, East Alabama contains conflicting statements as to whether the record was "devoid” of evidence of an intent to delay service or whether it contained conflicting evidence on that point. Either way, however, the defendants had not demonstrated that they were entitled to a summary judgment. See Rule 56(c)(3), Ala. R. Civ. P. (summary judgment is appropriate when there exists "no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law”).