## LOVE & CO. *vs.* DAVIS.

1. A receiving and forwarding merchant cannot, unless under some special contract, custom, or usage of trade, forward cotton to a port without instructions from his principal, and direct its delivery on arrival to a commission merchant.

APPEAL from the Circuit Court of Madison.

Tried before the Hon. THOMAS A. WALKER.

D. C. HUMPHREYS, for the appellants.

J. W. CLAY, *contra.*

GOLDTHWAITE, J.—The appellants were factors for receiving and forwarding cotton at Whitesburg, on the Tennessee river, and received of the appellee nine bags of cotton, for which they gave the following receipt :

"W. D.—No. 1, 455 ; 2, 450 ; 3, 460 ; 4, 394 ; 5, 492 ; 6, 518 ; 7, 400 ; 8, 421; 9, 413—4009lb. Whitesburg, 12 Apl., 1851. Received of W. Davis nine bales cotton, marked as above, in first rate order.

(Signed)                J. C. LOVE & Co."

They shipped this cotton, without any orders from Davis, to Bradley, Wilson & Co., commission merchants at New Orleans, by whom it was sold, and the proceeds remitted to their office at Huntsville, and there held by them subject to the order of the appellee, who, after the sale, by his agent made a demand of the cotton, and, on their failure to deliver, brought his action to recover the value of the same. On the trial, the receipt, demand, and failure to deliver were proved ; and the appellants then offered to show, that, when the demand was made by the agent, they informed him that, without any authority having been given, they shipped the cotton to Bradley, Wilson & Co., in New Orleans, who sold it, and that the proceeds were in their hands at their office in Huntsville, ready to be paid to him, or the appellee ; that the agent went to the office of Bradley, Wilson & Co., and saw the account of sales, but declined receiving the money. This evidence

was, on the motion of the appellee, excluded from the jury, and the action of the court in this respect is assigned for error.

The ground taken by the counsel for the appellants is, that an authority to ship the cotton to the receiving port was to be implied from the absence of any instructions by the owner as to the disposition of the cotton, and from the fact that the appellants were receivers for forwarding cotton; but if instructions had been given them to forward the cotton, we do not think they would have been authorized to go farther, and place it with a commission house, unless under special circumstances, and then only for safe-keeping, and to be held subject to the order of the owner. The duties of a forwarding merchant, as to the delivery of goods, are not unlike those of a common carrier. He could forward the goods to the place of destination, but he would have no authority to direct their delivery on arrival to any other person than the owner, unless under some special contract, custom, or usage of trade.—Duff v. Budd, 3 Bro. & Bing. 177 ; Bodenham v. Bennett, 4 Price 34 ; Binkett v. Willan, 2 B. & A. 356 ; Stephenson v. Hart, 4 Bing. 476 ; Ostrande v. Brown, 15 Johns. 39. Indeed where the goods were consigned, and the consignee refused, or was unable, to receive them, it has been held that the carrier was not at liberty to leave them on the wharf, but that it is his duty to take care of them for the owner.—Mazell v. Potter, 2 Johns. Cas. 371; Stephenson v. Hart, *supra*; Story on Bail., § 545. The evidence offered could only have been admitted on the principle that a forwarding merchant has the general right, without any instructions from the owner, not only to forward the goods, but to direct their delivery on arrival to a third person, without any restriction as to holding them subject to the order of the owner. If this receiver had not this right, the evidence was irrelevant, and was properly excluded. We have found no case, which goes to this extent, and it is opposed to all the analogies of the law of bailments. In our opinion, the court committed no error in rejecting the testimony.

What we have said is decisive of the case upon the other points ; the charge requested being in conflict with the views we have expressed, and the charge given in conformity with them.

Judgment affirmed.