# West v. Engel.

*Action to Recover Damages for Personal Injuries.*

1. *Commencement of a suit; suing out a summons.*—A summons is not sued out so as to be the commencement of a suit (Code, § 2631), until it passes from the hands of the clerk, properly signed by him, to

the sheriff or other proper officer to be executed, or is sent by mail or otherwise to such officer with a *bona fide* intention to have it served.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JOHN P. HUBBARD.

This action was brought by Louis Engel against D. P. West, a hotel proprietor; and sought to recover damages for personal injuries alleged to have been caused by the negligence of the defendant.

The injury for which the action was brought occurred on March 21, 1890; and the summons and complaint bear date March 16, 1891. The summons and complaint were delivered to the sheriff and executed by him on April 6, 1891. There was judgment for plaintiff, and defendant appeals. The only facts which have reference to the question decided by the court are sufficiently stated in the opinion, and the only question decided renders it unnecessary to set out in detail the various rulings of the lower court.

ARRINGTON & GRAHAM, for appellant.

A. A. WILEY, *contra*.

HARALSON, J.—The undisputed facts of the case, as to the date of the commencement of this suit, are, that the plaintiff received the injuries of which he complains on the 21st March, 1890, and the summons and complaint, which bear date the 16th March, 1891, were not delivered to the sheriff to be executed, until the 6th day of April following, more than a year after said injuries were received, and the cause of action therefor accrued.—Code, § 2619.

It is provided by statute in this State, in the chapter on the limitation of actions, that "The suing out of the summons is the commencement of a suit, whether it be executed or not, if the suit be continued by an *alias*, or recommenced at the next term of the court."—Code, § 2631. The occasion for the adoption of this statute was, no doubt, that it was the practice of the King's Bench and Common Pleas in England, and in some of the States, not to hold the suit as commenced until the writ was served and returned.—*Johnson v. Farwell*, 7 Greenl. 372. Under such a practice, the statute of lim-

itations might be indefinitely suspended, putting it often in the hands of the parties, on the one side or the other, as interest might suggest, to determine when a suit should be considered as commenced. It is of importance that the period of the commencement of the running of the statute of limitations of actions, and the end of its running, shall be definitely fixed in the law. It is said, therefore, that, except in Connecticut and Vermont, the issuing and suing out of the writ is the commencement of the action, and in those States, the service is the commencement.—1 Amer. & Eng. Encyc. of Law, 184, and authorities under note 4.

When then may the summons be said to be sued out? There seems to be no question as to what is meant by *suing out of the summons.* There is a uniformity of decision, so far as we have observed, that the term is construed as meaning when the writ leaves the hands of the clerk, or his deputy, to be delivered in good faith to the sheriff to be executed.

In *Burdick v. Green,* 18 Johns. 14, it was held that the issuing of the writ is the commencement of the action, in all cases where time is material, so as to save the statute of limitations ; and that it is not necessary to show that it was actually delivered to the sheriff, but sufficient if made out and sent to him by mail or otherwise, with a *bona fide* intention of having it served.

In *Whitaker v. Turnbull,* 18 N. J. L. (3 Harrison) 174, Chief Justice Hornblower reviewed many of the authorities and announced the conclusion, that when a writ is issued out of the office of the clerk, or of the attorney, as was usually the practice in that State (presumably as the agent or deputy of the clerk), in good faith, for the purpose of being served or proceeded on, and that purpose was not afterwards abandoned, it was, for all material purposes, the actual commencement of the suit.

*Ross v. Luther,* 4 Cow. 158, is a case directly in point, where it was held, that the issuing of the writ was the commencement of the action ; that the mere filling it up is not sufficient ; it must be either delivered to the sheriff or sent to him by mail or otherwise, with a *bona fide,* absolute, unequivocal intention to have it served ; that if delivered to an agent or messenger who has power to determine, when or whether it shall be given to the sheriff, the writ is not deemed issued, nor the suit commenced,

[West v. Engel.]

until its actual delivery to the sheriff. This case, reported in 15 Amer. Dec. 341, has been made the basis of an extended note by Mr. Freeman, in which he reviews the American cases on this question. He states as his conclusion, after such a review, that the doctrine laid down in *Ross v. Luther* is the general rule in the United States, except where it has been otherwise provided by statute.

Construing a statute of this State which required corporations to give security for costs before commencing suits, (Rev. Code, § 2804), PECK, C. J., speaking for the court, said : "A writ, so far as giving security for costs is concerned, is not considered as commenced until the summons and complaint are handed to the sheriff to be served. The suing out of the writ is the commencement of the action. A writ can not be said to be sued out, until it passes from the hands of the clerk to the sheriff to be executed."—*Ex parte Locke*, 46 Ala. 77, To the same effect is the case of the *Ala. & Tenn. R. R. Co. v. Harris*, 25 Ala. 335.

The date of the writ may be deemed as *prima facie* evidence of the time of its issuance, (15 Amer. Dec. 347, note) ; but, the date of the summons is not conclusive evidence of the time of the commencement of the suit.—*Huss v. Cent. R. R. & Bk. Co.*, 66 Ala. 475 ; *Ala. Gt. S. R. R. Co. v. Hawk*, 72 Ala. 117. When the real time of the issuance of the writ is material and questioned, it is one of fact for the determination of the jury.

In this State, the practice is to allow an *alias* summons and complaint, whenever an action has been commenced but not served. Without the commencement of a suit, an *alias* writ is anomalous. A summons may be signed by the clerk and dated and allowed to lie dormant in his office until the next term, or he may hand it to the attorney for the plaintiff, and he may keep it in his possession and never deliver it to the sheriff, and in neither case could the summons be said to have issued, or the suit commenced, nor would an *alias* lie upon it at the next term.

Our conclusion, therefore, from our own and other adjudged cases, is, that a summons can not be said to be sued out, under our statute, until it passes from the hands of the clerk to the sheriff, or other proper officer, to be executed, or sent by mail or otherwise, with a *bona fide* unequivocal intention to have it served.

[West v. Engel.]

The evidence of the clerk of the court, the deputy sheriff who received and executed the summons and complaint, and that of plaintiff's attorney shows without conflict, that sometime before the 22d of March, 1891, the attorney of the plaintiff sent the summons and complaint by his stenographer to the clerk of the court, with a lot of other papers, with instructions to the stenographer to request the clerk to sign his name to the original process and issue at once, that the same was signed by the clerk, and was inadvertently carried back by the stenographer to the attorney's office, where it lay undiscovered, (as the attorney deposes), until after the 22d of March, 1891, and after he discovered it, he carried it to the clerk's office and instructed him to issue it, but he did not remember on what day he carried it to the clerk, further than it was before the 6th of April, 1891; that it was the habit of the clerk, (as he himself deposed), to issue summons and complaints as soon as he could, after they were brought to him by attorneys; that he did not remember signing the process or on what day it was issued, but the signature to it was his and that it was executed on the 6th of April, 1891. The evidence of the deputy sheriff, Westcott, full, clear and uncontradicted is, that the clerk brought the summons and complaint to him on the 6th of April and not before; that he executed it the same day he received it; that he endorsed on it the day he received it, and the day he executed it—the 6th April, 1891—and signed the sheriff's name thereto, by him as deputy, and he made these entries on the sheriff's docket, which were introduced in evidence.

Under these facts, according to the principles of law we have announced, this suit was barred when it was commenced, and the court below should have given the general charge in favor of the defendant.

Reversed and remanded.