Plaintiff Sadie Foster filed suit on Friday, June 5, 1981, to recover damages for personal injuries she received in an incident which occurred on June 6, 1980. The complaint did not name Pettibone Crane Company, Inc., as a defendant, actually or fictitiously. Thereafter, on Monday, June 8, 1981, admittedly the last day for filing before the expiration of the applicable statute of limitations, the plaintiff filed a document captioned "Supplemental Petition for Damages" against Pettibone, alleging that it manufactured, designed, and/or sold the crane which allegedly injured the plaintiff.
The supplemental petition, which we treat as an amended complaint, did not provide Pettibone's address, nor any instructions with regard to service of process. It did not indicate in any way that information concerning service of process was then unknown to the plaintiff but would be furnished upon discovery. The pleading was simply filed with the clerk of the Circuit Court of Mobile County. Thereafter, on June 12, 1981, the circuit clerk advised plaintiff's attorneys that they must provide several items before service of process could be made on Pettibone. These items included a summons for Pettibone, addressed envelopes, additional copies of the amended complaint, certified mail receipts, payment of postage, etc. Plaintiff's attorneys responded on July 10, 1981, and the clerk served Pettibone at its Jackson, Mississippi, address on July 14, 1981. Thereafter, Pettibone moved for summary judgment, contending that the statute of limitations barred the claim against it. When this motion was overruled, this Court granted Pettibone's petition for permission to appeal.
The single issue presented is whether the statute of limitations is complied with by the filing of a complaint within the statutory period but without any instructions with regard to serving the defendant with process and without any explanation as to why no instructions are included. We hold that the statute bars this claim, and reverse the judgment of the trial court.
Two recent decisions are dispositive of the issue presented. In Ward v. Saben Appliance Co., 391 So.2d 1030 (Ala. 1980), we held that although the Alabama Rules of Civil Procedure provide that an action commences with the filing of the complaint with the clerk of the court, that action is not commenced for purposes of the statute of limitations unless it is filed with the intention of having process served in due course. In that case, Monday, September 17, 1979, was the last day on which an action could be filed seeking damages for a slip and fall accident which occurred on September 16, 1978 (September 16, 1979, being a Sunday). Plaintiff's attorney, at the time of filing, asked the clerk not to *Page 714 
serve process until he could obtain more information in the case. Process was served on January 18, 1980. The trial court held that under these facts, the statute of limitations was not complied with by filing the complaint in the clerk's office. This Court affirmed and said:
 "We hold that in the present case the action was not `commenced' when it was filed with the circuit clerk because it was not filed with the bona fide
intention of having it immediately served. To hold otherwise would permit a party to extend unilaterally the period of limitations by an oral request that actual service be withheld, thereby giving that party an additional period of time within which he could conduct an investigation to determine whether in fact, he had a claim. To permit this would violate the fundamental concept of repose found within every statute of limitations."
391 So.2d at 1035.
The Court subsequently held in De-Gas, Inc. v. MidlandResources, 470 So.2d 1218 (Ala. 1985), that the plaintiff's failure to pay the filing fee or to seek permission to proceed without the fee had the same effect as the plaintiff's action in Ward, i.e., the withholding of service of process, and, thus, that the statute of limitations was not complied with by the mere filing of the complaint.
The Court pointed out that Code 1975, § 12-19-70, provides that "`[t]here shall be a consolidated civil filing fee, known as a docket fee, collected from a plaintiff at the time a complaint is filed'" and also provides for a deferment of the fee in hardship cases, upon approval of the court. The Court held that these provisions were mandatory and must be considered in determining whether the statute of limitations was complied with. The Court stated:
 "By failing to pay at the time of filing the complaint the filing fee mandated by § 12-19-70, the plaintiffs not only caused service to be withheld but effectively precluded any action by the clerk's office necessary to actually set the case in motion. We can only conclude that plaintiffs did not have a bona fide intent, at the time of filing, to proceed with this action. Consequently, this action was not `commenced' at the time of filing and the statute of limitations continued to run so as to bar the action." (Emphasis in original.)
470 So.2d at 1221-22.
We are unable to distinguish Ward and De-Gas from the present action. Here the plaintiff did not include Pettibone's address, did not indicate that it was presently unknown, and did not otherwise provide any instructions for service of process. The circuit clerk could not have immediately begun the process of service. Viewed objectively, the actions of the plaintiff fail to indicate a bona fide intent, at the time of filing, to proceed with the action. Therefore, the statute of limitations bars her claim against Pettibone.
We do not believe this interpretation of our statutes and the Alabama Rules of Civil Procedure will work an undue hardship upon plaintiffs. It rather means that a plaintiff must follow the rules and that where it is impossible to supply instructions for service of process upon a defendant at the time of filing the complaint, the plaintiff must apprise the clerk of that fact and show that every effort has been made to obtain the appropriate information and must inform the clerk that, when it is obtained, it will be supplied immediately. Likewise, where the plaintiff is unable to pay the filing fee, he must say so and seek court approval to proceed without payment.
We hold that the trial court erred in denying Pettibone's summary judgment and remand the cause for entry of judgment in its favor.
REVERSED AND REMANDED WITH DIRECTIONS.
TORBERT, C.J., and MADDOX, JONES and ADAMS, JJ., concur. *Page 715