The plaintiff, Eloise Latham, was involved in an automobile accident in Tuscaloosa County on March 5, 1988. On Friday, March 2, 1990, she sued Freida J. Phillips and John C. Easterwood.[1] At the time the suit was filed, the required filing fee was not paid, and the clerk of the circuit court was not provided the summons to be served on the defendants. On March 5, 1990, exactly two years after the automobile accident, Latham paid the filing fee. Thus, the suit was filed and the filing fee was paid within the statutory period of limitations, Code of Ala. 1975, § 6-2-38. However, certified mail summonses for the two defendants were not filed until April 4, 1990. The filing of the summonses was clearly outside the two-year limitations period of § 6-2-38. Phillips was not served until April 10, 1990.
Phillips moved for summary judgment, alleging that Latham was barred from prosecuting her claim because the statutory period of limitations had expired. She argued that although the filing of the claim and the payment of the filing fee were timely, the summonses for the defendants were filed outside the statutory period of limitations, and, as a result of this late filing, Latham's cause of action was barred. The trial court, accepting Phillips's argument, entered a summary judgment in her favor. Latham appeals. *Page 218 
Latham presents one issue on appeal to this Court. She contends that the trial court erred in entering a summary judgment because she is not barred from prosecuting her claim by operation of the statute of limitations.
This Court has held that the filing of a complaint, standing alone, does not commence an action for statute of limitations purposes. Rather, the filing must be made with the intention of serving process upon the opposing party or parties. SeeMace v. Centel Business Systems, 549 So.2d 70 (Ala. 1989), andPettibone Crane Co. v. Foster, 485 So.2d 712 (Ala. 1986).
In this case, Latham did not supply a summons for Phillips at the time the complaint was filed, nor did she supply it when the filing fee was paid three days later. Further, no address was contained within the complaint, and no instructions were given to the clerk concerning how to proceed with service of process.
For these reasons, the judgment of the trial court is due to be, and it hereby is, affirmed.
AFFIRMED.
HORNSBY, C.J., and ADAMS, HOUSTON and INGRAM, JJ., concur.
[1] John C. Easterwood is not a party to this appeal.