Brian Maxwell appeals from the judgment based on the jury's verdict in favor of Spring Hill College ("Spring Hill"), a Jesuit liberal *Page 336 
arts college in Mobile, in his action against it for damages based on injuries he sustained in a diving accident.[1] Spring Hill cross-appeals from the denial of its motion for summary judgment and from the denial of its motions for directed verdict, arguing that the complaint was not properly filed within the statutory period of limitations. Because we are resolving this case on procedural grounds, only a brief recitation of the facts is necessary.
Maxwell's accident occurred on April 8, 1989, while he was attending a party sponsored by Spring Hill's Student Government Association on a houseboat called "The Wet Spot." Maxwell was a student at Spring Hill at the time and was scheduled to graduate a few weeks after the party. He and several other students rode buses from Mobile to where the boat was anchored near Gulf Shores. Beer was served on the buses and on the boat, and Maxwell admitted to having had some before arriving. Once there, Maxwell and some friends went immediately upstairs and began discussing whether he should take a dive. After brief deliberation, Maxwell dived from the 14-foot deck into about three feet of water. As a result of the incident, Maxwell was rendered a quadriplegic.
Exactly two years later, on April 8, 1991, Maxwell's mother filed a complaint against Spring Hill and others on her son's behalf but did not provide summonses, service instructions, or addresses until approximately one month later, on May 7, 1991. Spring Hill argues that this manifested a lack of intent to have the complaint served immediately and, therefore, that the filing of the complaint did not commence an action; Spring Hill argued that it was therefore entitled to a summary judgment, based on Ward v. Saben Appliance Co.,391 So.2d 1030 (Ala. 1980), and its progeny, particularlyLatham v. Phillips, 590 So.2d 217 (Ala. 1991), which rearticulated the rule of those cases: "This Court has held that the filing of a complaint, standing alone, does not commence an action for statute of limitations purposes.[2] Rather, the filing must be made with the intention of serving process upon the opposing party or parties." 590 So.2d at 218 (citations omitted).
Spring Hill correctly asserts that this case is factually similar to Latham. The accident in Latham occurred on March 5, 1988, and the plaintiff filed her complaint on March 2, 1990, although she did not pay the filing fee until March 5, 1990. She did not supply summonses for the defendants when she filed the complaint, nor did she supply them when she paid the filing fee three days later. In addition, no addresses were contained within the complaint and no instructions were given to the clerk concerning how to proceed with service of process. Certified mail summonses were not filed until April 4, 1990, approximately one month after the limitations period had run. One of the defendants moved for a summary judgment, which the trial court entered and this Court affirmed.
In this case, a summons for Spring Hill was not filed until one month after the statutory period had expired. In addition, the address Maxwell's mother provided with that summons — that of the Mobile law firm of Vickers, Riis, Murray and Curran — was incorrect, because that firm was not authorized in any way, as an agent or otherwise, to receive service for Spring Hill. Service was, therefore, refused by one of the partners in that firm, and service on Spring Hill was not obtained until September 10, 1991.
It is apparent that Spring Hill was entitled to a summary judgment based on the expiration of the statutory limitations period. Spring Hill seeks an affirmance of the judgment it received below. That judgment was based on the jury's verdict. We do not reach the question of whether that verdict was correct, however, because we hold that the *Page 337 
judgment Spring Hill received is due to be affirmed on a different ground.
AFFIRMED.
ADAMS, HOUSTON, STEAGALL, KENNEDY and INGRAM, JJ., concur.
[1] Although Maxwell named several other defendants in his complaint, Spring Hill is the only defendant remaining on appeal.
[2] See, also, Dukes v. Jowers, 584 So.2d 524 (Ala. 1991); Mace v.Centel Business Systems, 549 So.2d 70 (Ala. 1989); PettiboneCrane Co. v. Foster, 485 So.2d 712 (Ala. 1986); De-Gas, Inc. v.Midland Resources, 470 So.2d 1218 (Ala. 1985); Finkelsteinv. Lovell, 449 So.2d 1240 (Ala. 1984); and Freer v. Potter,413 So.2d 1079 (Ala. 1982).