East Alabama Mental Health-Mental Retardation Board, Inc. ("the Board"), and its director, Dr. Anne Penney, defendants in an action pending in the Lee Circuit Court, petition this Court for a writ of mandamus directing the Lee Circuit Court to enter a summary judgment in favor of the Board and Penney because, they argue, the underlying action was commenced *Page 2 
after the statutory limitations period had expired. We deny the petition.
 Background
On August 9, 2002, Donald W. Walker killed his father, James C. Walker. On August 5, 2004, the personal representative of the estate of James C. Walker, Arnold Umbach, Jr. ("Umbach"), sued the Board, Penney, the Alabama Board of Adjustment, and Donald Walker (collectively "the defendants") in the Lee Circuit Court. Umbach claimed that the defendants' wanton, willful, and malicious conduct and their negligence caused James Walker's death.
When Umbach's counsel filed his complaint, he apparently also filed with the circuit clerk of the Lee Circuit Court summonses for service upon the defendants, requesting service by certified mail; the circuit clerk presumably issued the summonses.[1] See Rule 4(a)(1), Ala. R. Civ. P. ("Upon the filing of the complaint, . . . the clerk shall forthwith issue the required summons or other process for service upon each defendant."). The clerk for the Lee Circuit Court issued certified-mail cards and gave them to Umbach's counsel to use to mail the complaints and summonses to the defendants. The defendants received service by certified mail on October 24, 2004, over two and one-half months after Umbach had filed his complaint.
On June 7, 2005, the Board and Penney moved for a summary judgment arguing that, although Umbach filed his complaint within two years of the date of James Walker's death, because Umbach "made no attempt to serve the summonses and complaint on Defendants until more than 2 1/2 months after the expiration of the two-year statute of limitations [set forth in § 6-5-410(d), Ala. Code 1975,] the action was not commenced until the statute of limitations had expired."[2]
The Board and Penney's mandamus petition, Appendix 4, p. 4. The trial court, apparently treating the summary-judgment motion as a motion to dismiss, denied the motion.[3] The Board and Penney now petition this Court for a writ of mandamus directing the Lee Circuit Court to enter a summary judgment in their favor on the basis that the action was commenced outside of the statutory limitations period.
 Standard of Review "`A writ of mandamus is an extraordinary form of relief.' Ex parte Alabama Dep't of Mental Health Mental Retardation, 837 So.2d 808, 810 (Ala. 2002). `[A] writ [of mandamus] will issue only upon a showing of "(a) a clear legal right in the petitioner to the order sought, (b) an imperative duty upon the respondent to perform, accompanied by a refusal to do so, (c) the lack of another adequate remedy, and (d) the properly invoked jurisdiction of the court."' Ex parte Puccio, 923 So.2d 1069, 1072 (Ala. *Page 3 
2005) (quoting Ex parte McInnis, 820 So.2d 795, 798 (Ala. 2001))."
Ex parte City of Tuskegee, 932 So.2d 895, 900
(Ala. 2005).
 Analysis
Section 6-5-410(d), Ala. Code 1975, requires that an action based on the wrongful act, omission, or negligence of any person that results in the death of another be "commenced within two years from and after the death of the testator or intestate." See also Dukes v. Jowers, 584 So.2d 524,525 n. 2 (Ala. 1991) ("a wrongful death action `must be commenced within two years from and after the death of the testator or intestate'" (quoting § 6-5-410(d))). Here, Donald Walker murdered James Walker on August 9, 2002, and Umbach filed his complaint on August 5, 2004. Therefore, Umbach timely filed his complaint within the statutory limitations period.
Although Rule 3, Ala. R. Civ. P., states that "[a] civil action is commenced by filing a complaint with the court," this Court has held that the filing of a complaint is not the sole factor in determining when an action is "commenced." A major function of Rule 3, Ala. R. Civ. P., is to identify, with certainty, the specific time when a civil action is initiated. The filing of a complaint is, therefore, a significant factor in commencing an action and suspending the operation of the applicable statute of limitations; however, it is not the sole factor. Ward v. Saben ApplianceCo., 391 So.2d 1030, 1032 (Ala. 1980). This Court has held that the filing of a complaint, standing alone, does not commence an action for statute-of-limitations purposes. " `Rather, the filing must be made with the intention of serving process upon the opposing party or parties.'" Maxwell v.Spring Hill College, 628 So.2d 335, 336 (Ala. 1993) (quoting Latham v. Phillips, 590 So.2d 217, 218
(Ala. 1991)).
The Board and Penney argue that Umbach did not possess the requisite intent to serve process on the defendants when he filed his complaint. The Board and Penney rely onMaxwell, supra, Latham, supra, Freer v.Potter, 413 So.2d 1079 (Ala. 1982), and Ward, supra, in support of their argument that Umbach's action was not "commenced" when it was filed. However, unlike the plaintiffs' conduct in those cases, Umbach's conduct does not show that Umbach did not possess the present intent to serve the defendants when he filed his complaint.
In Maxwell v. Spring Hill College, Maxwell filed a complaint on the day the statutory limitations period would have run on his claim. However, Maxwell did not provide the circuit clerk with summonses, service instructions, or addresses to facilitate service on the defendants until approximately one month after he had filed the complaint. Spring Hill moved for a summary judgment, arguing that Maxwell lacked the intent to have the complaint served immediately and, therefore, that the filing of the complaint did not commence the action. The trial court granted Spring Hill's summary-judgment motion. This Court agreed with the trial court that Maxwell did not have the intent to serve Spring Hill when he filed his complaint and therefore affirmed the summary judgment in favor of Spring Hill. 628 So.2d at 335.
In Latham v. Phillips, the incident giving rise to Latham's complaint, which was subject to a two-year statute of limitations, occurred on March 5, 1988, and Latham filed her complaint on March 2, 1990. She paid the filing fee on March 5, 1990. When she filed her complaint, Latham did not give the clerk any instructions as to how to proceed with service of *Page 4 
process. On April 4, 1990, Latham finally provided the clerk with the summonses for the defendants, Phillips and Easterwood. Phillips moved for a summary judgment, arguing that Latham was barred from prosecuting her claim because the statutory limitations period had expired when the action was finally "commenced." The trial court granted Phillips's motion, and this Court affirmed the trial court's judgment.590 So.2d at 217-18.
In Freer v. Potter, Freer filed his complaint one day before the statutory limitations period was to run. When he filed his complaint, Freer ordered the clerk to withhold service of process. The defendants each moved for a summary judgment, arguing that Freer was barred from prosecuting his claim because, they argued, the statutory period of limitations had expired when the action was commenced. Freer appealed, and this Court held, among other things, that the action was barred by the statute of limitations because, although the complaint had been filed, Freer had intentionally interfered with service by ordering that service be withheld; therefore, the action was not "commenced" at the time of filing. 413 So.2d at 1081.
Likewise, in Ward v. Saben Appliance Co., the accident that was the basis of Ward's complaint occurred on September 16, 1978, and Ward filed her complaint on September 17, 1979, the last day before the statutory limitations period was to run.[4] However, after filing her complaint, Ward directed the clerk to withhold personal service on the defendants until she could obtain additional information on the case. Ward obtained the additional information and instructed the clerk's office to proceed with service. Saben Appliance Company and Brenda Allen, Inc., were eventually served on January 18, 1980, four months after the complaint was filed. This Court held that, although the filing of a complaint is a significant factor in commencing an action and suspending the operation of the applicable statute of limitations, it is not the sole factor to be considered.391 So.2d at 1034. The Court concluded:
 "We hold that in the present case the action was not `commenced' when it was filed with the circuit clerk because it was not filed with the bona fide intention of having it immediately served. To hold otherwise would permit a party to extend unilaterally the period of limitations by an oral request that actual service be withheld, thereby giving that party an additional period of time within which he could conduct an investigation to determine whether[,] in fact, he had a claim. To permit this would violate the fundamental concept of repose found within every statute of limitations."
391 So.2d at 1035.
This case, however, is readily distinguishable fromMaxwell, Latham, Freer, and Ward, because the record is devoid of any indication that at the time that Umbach filed his complaint he did not intend to serve process upon the Board, Penney, and the other defendants. Umbach filed his complaint on August 5, 2004. Umbach apparently provided the clerk with the necessary documents or information and the clerk apparently issued summonses; the Board and Penney do not contend otherwise.[5] The clerk completed the certified return-receipt cards and gave them to Umbach for mailing the summonses and *Page 5 
complaints to the Board, Penney, and the other defendants. The Board and Penney's mandamus petition, p. 2 n. 1. Thus, the evidence suggests that Umbach intended to serve process upon the defendants when he filed the complaint; he did all that was required by the Rules of Alabama Civil Procedure to facilitate service, short of placing the summonses and complaints in the mail.
The Alabama Rules of Civil Procedure provide:
 "In the event of service by certified mail, the clerk shall place a copy of the process and complaint or other document to be served in an envelope and shall address the envelope to the person to be served with instructions to forward. . . . The clerk shall affix adequate postage and place the sealed envelope in the United States mail as certified mail with instructions to forward, return receipt requested, with instructions to the delivering postal employee to show to whom delivered, date of delivery, and address where delivered. The clerk shall forth-with enter the fact of mailing on the docket sheet of the action and make a similar entry when the return receipt is received."
Rule 4(i)(2)(B), Ala. R. Civ. P. Therefore, Rule 4(i)(2), Ala. R. Civ. P., contemplates that the clerk will mail the summonses and complaints.
The Board and Penney state that it is undisputed that the clerk's office does not provide postage for pleadings served by certified mail, and that, therefore, when a complaint is filed in the clerk's office of the Lee Circuit Court, it is the practice of that office to provide certified-mail cards to counsel and for counsel then to mail the summonses and complaints. The Board and Penney's mandamus petition, p. 2 n. 1. The circuit clerk apparently shifted the responsibility for mailing the summonses and complaints to Umbach. Umbach's delay of two and one-half months may be some evidence indicating that, at the time he filed the complaint, he lacked the intention to immediately serve the summons and complaint; however, the issuance of the writ of mandamus requires the Board and Penney to demonstrate that they have "`a clear legal right . . . to the order sought'" and that there was "`an imperative duty upon the respondent to perform.'" Exparte Puccio, 923 So.2d 1069, 1072 (Ala. 2005) (quotingEx parte McInnis, 820 So.2d 795, 798 (Ala. 2001)). We conclude that Umbach's failure to perform this task for two and one-half months,[6] without more, does not sufficiently demonstrate that they met that heavy burden. Under the facts of this case, the authorities relied upon by the Board and Penney *Page 6 
are distinguishable. The Board and Penney fail clearly to demonstrate that they are entitled to a summary judgment; therefore, they fail to demonstrate that they are entitled to the writ of mandamus.
 Conclusion
The Board and Penney have not clearly demonstrated that Umbach's action was "commenced" outside the limitations period for a wrongful-death action provided in § 6-5-410(d), Ala. Code 1975. Therefore, we cannot conclude that the Board and Penney are clearly entitled to a summary judgment. Accordingly, we conclude that the Board and Penney are not entitled to a writ of mandamus.
PETITION DENIED.
NABERS, C.J., and HARWOOD, STUART, and BOLIN, JJ., concur.
[1] The Board and Penney do not allege otherwise.
[2] Section 6-5-410, Ala. Code 1975, provides, in part:
 "A personal representative may commence an action . . . for the wrongful act, omission, or negligence of any person, persons, or corporation, his or their servants or agents, whereby the death of his testator or intestate was caused,. . . .
 ". . . .
 "(d) Such action must be commenced within two years from and after the death of the testator or intestate."
[3] Although the Board and Penney's motion is entitled "Defendants' Motion for Summary Judgment," the trial court's order refers to the Board and Penney's summary-judgment motion as a "motion to dismiss." The trial court also granted a motion to dismiss filed by Donald Walker and denied a motion to dismiss filed by the Alabama Board of Adjustment.
[4] September 16, 1979, was a Sunday; therefore, the filing of the complaint on September 17, 1979, was timely.Ward, 391 So.2d at 1031.
[5] See Rule 4(a)(1), Ala. R. Civ. P. ("Upon the filing of the complaint, . . . the clerk shall forthwith issue the required summons or other process for service upon each defendant.").
[6] We note also that Rule 4(b), Ala. R. Civ. P., allows for service of process up to, and in some instances beyond, 120 days after the plaintiff filed its complaint. Rule 4, Ala. R. Civ. P., was amended, effective August 1, 2004, four days before Umbach filed his complaint, to add subdivision (b). Rule 4(b), Ala. R. Civ. P., provides:
 "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative, after at least fourteen (14) days' notice to the plaintiff, may dismiss the action without prejudice as to the defendant upon whom service was not made or direct that service be effected within a specified time; provided, however, that if the plaintiff shows good cause for the failure to serve the defendant, the court shall extend the time for service for an appropriate period. This subdivision does not apply to fictitious-party practice pursuant to Rule 9(h) or to service in a foreign country."
The Board and Penney provide no argument as to what effect, and we do not address the effect, if any, the adoption of Rule 4(b), Ala. R. Civ. P., may have on the precedential value ofMaxwell, Latham, Freer, and Ward.