# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-KA-00248-COA

RODNEY DARYL REED                                           APPELLANT

v.

STATE OF MISSISSIPPI                                         APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 02/10/2023 |
| TRIAL JUDGE: | HON. DAL WILLIAMSON |
| COURT FROM WHICH APPEALED: | JONES COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: GEORGE T. HOLMES |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ASHLEY LAUREN SULSER |
| DISTRICT ATTORNEY: | ANTHONY J. BUCKLEY |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 05/07/2024 |
| MOTION FOR REHEARING FILED: | |

**BEFORE BARNES, C.J., WESTBROOKS AND EMFINGER, JJ.**

**EMFINGER, J., FOR THE COURT:**

¶1.     On February 6, 2023, a Jones County Circuit Court jury found Rodney Daryl Reed guilty of possession of hydrocodone/acetaminophen (more than two grams but less than ten grams) in violation of Mississippi Code Annotated section 41-29-139 (Rev. 2018). The circuit court sentenced Reed to eight years in the custody of the Mississippi Department of Corrections, with six years to serve and two years suspended, and fined him $7,500. After the denial of his post-trial motion, Reed appealed.

## FACTS AND PROCEDURAL HISTORY

¶2.     On October 30, 2020, Investigator Jake Driskell, who ran the narcotics division for

the Jones County Sheriff's Office, received information from what he described as a credible informant that Reed was dealing heroin from his home, which was located in the city limits of Laurel, Mississippi. As a result of that information, Driskell started surveillance at Reed's address of 1706 Airport Drive. The surveillance on Reed continued for about three or four days. During that time, law enforcement officers would pass by Reed's residence looking for known drug users or dealers coming and going from the residence. Driskell explained that once they receive information from an informant, they then attempt to independently corroborate the informant's information. According to Driskell, they observed lots of traffic coming and going from Reed's residence. Everyone stayed for just a few minutes and then left. Driskell testified that behavior was consistent with drugs being sold from the residence. They also saw Reed walk out to vehicles stopped in the road and engage in "hand-to-hand transaction of something."

¶3.    On Tuesday, November 3, 2020, Driskell received information from the same informant that Reed was leaving his house with a bag of heroin in the car with him. Once Driskell got that information, he called Captain Vince Williams, also with the Jones County Sheriff's Office, to confirm that he was in the area. They found Reed's car parked at a business a few blocks from his residence and noted that Reed's tag was expired. As a result, they made a traffic stop of Reed's vehicle on Lee Street near 16th Avenue in Laurel. Driskell and Williams were in separate vehicles but conducted the stop together. Driskell approached the driver's side to speak to Reed. He testified that Reed was acting "excessively nervous." When Driskell asked Reed if there was anything illegal in the vehicle, Reed said no and gave

2

Driskell consent to search his vehicle. Driskell testified that he asked Reed if he was sure and reminded him that he had the right to refuse the search. At that point, Driskell got Reed out of the vehicle and "passed him off to Captain Williams," who took Reed to the back of the vehicle where Williams issued traffic citations. During his search of the vehicle, Driskell noticed a plastic "grocery store-style" bag under the driver's seat. When he opened the bag, Driskell discovered "rectangle tin foil packs," which is how Driskell testified they were identified in the "narcotics world." Since Driskell believed the packs were possibly heroin or fentanyl, he did not touch them again, secured the bag, and placed it into another bag to be sent to the Mississippi Crime Laboratory for evaluation.[1]

¶4.    Driskell immediately placed Reed under arrest and transported him to the Jones County jail. The evidence was taken to the sheriff's office, logged into evidence, and later sent to the crime lab for analysis. Keith McMahan, who is employed at the crime lab, testified at trial as an expert in the field of forensic drug analysis that a portion of the substance recovered from Reed's vehicle was tested and found to be 2.173 grams of hydrocodone and acetaminophen.

¶5.    At trial, the jury heard the testimony of Driskell, Williams, and McMahan and found Reed guilty of possessing more than two grams but less than ten grams of hydrocodone and acetaminophen, a Schedule II controlled substance. Reed was sentenced, and he appealed.

**ANALYSIS**

¶6.    Reed's appellate counsel filed a brief in compliance with *Lindsey v. State*, 939 So. 2d

---

[1] Driskell explained that heroin and fentanyl can be absorbed through the skin, so it is commonly packaged in that manner so the person handling it is not accidentally exposed.

743 (Miss. 2005),[2] representing to this Court that after a diligent search of the record, no arguable issues for appellate review were identified, and that he found no "errors which were ultimately prejudicial to Mr. Reed." Counsel requested Reed be granted an additional forty days within which to file any pro se brief. By our order dated September 21, 2023, this Court granted Reed an additional forty days to file a pro se supplemental brief; however, Reed did not file a supplemental brief.

¶7.    We have conducted an independent and thorough review of the record in this case. We find there is legally sufficient evidence to support Reed's conviction. Further, we find no issues that warrant reversal of Reed's conviction or sentence. *See Jackson v. State*, 335 So. 3d 620, 623 (¶11) (Miss. Ct. App. 2022).

¶8.    **AFFIRMED.**

   **BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND SMITH, JJ., CONCUR.**

---

[2] In *Powe v. State*, 366 So. 3d 944, 945 (¶8) (Miss. Ct. App. 2023), we explained:

*Lindsey* establishes the "procedure to govern cases where appellate counsel represents an indigent criminal defendant and does not believe his or her client's case presents any arguable issues on appeal[.]" *Lindsey*, 939 So. 2d at 748 (¶18).