Rel: October 4, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**.  Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## SPECIAL TERM, 2024

———————————————

### SC-2024-0345

———————————————

## Ex parte Robert Holland

## PETITION FOR WRIT OF MANDAMUS

## (In re: Ashley M. Moore

## v.

## City of Pleasant Grove et al.)

## (Jefferson Circuit Court, Bessemer Division: CV-22-900141)

SELLERS, Justice.

Robert Holland, one of the defendants below, petitions this Court for a writ of mandamus directing the Jefferson Circuit Court ("the trial court") to vacate its order denying his motion to dismiss an amended complaint substituting him as a defendant in the underlying action brought by Ashley M. Moore and to enter an order dismissing him as a defendant in that action. We grant the petition and issue the writ.

## I. Facts

On September 23, 2021, Pleasant Grove police officers Robert Holland and Marque Gresham were attempting to apprehend a criminal suspect who was fleeing in the residential neighborhood in which Moore resided. During that time, the suspect fired gunshots at the officers, both of whom fired back. One or more of the bullets discharged in the shooting entered the home of Moore, who was allegedly injured when she "dove to protect her young son at which time she fell to the concrete floor and a television fell on top of them."

On March 22, 2022, Moore commenced an action against the City of Pleasant Grove ("the City") and fictitiously named defendants, seeking damages for her alleged injuries. In June 2022, Moore learned through

2

discovery that Holland and Gresham were the officers who had been involved in the shooting incident.

On September 23, 2023, the final day of the applicable two-year statute-of-limitations period, Moore filed an amended complaint substituting Holland and Gresham for fictitiously named defendants in the original complaint; the complaint included instructions for the circuit clerk to serve the summonses and the amended complaint on both officers by certified mail at the addresses listed in the amended complaint.[1]  As explained in detail below, the clerk sent a copy of the summons and the

---

[1]Moore used the State's electronic-filing system, Alafile.gov., to commence the underlying action. This Court takes judicial notice that, when a plaintiff uses the electronic-filing system to file an amended complaint adding multiple defendants, the plaintiff can add only one defendant at a time and must enter all information pertaining to that defendant.  Once a plaintiff adds a defendant to an underlying action, the plaintiff is prompted to check a box indicating whether the "[p]arty needs to be served." Ultimately, if the plaintiff checks the box indicating that the defendant needs to be served and the plaintiff requests service by certified mail by the clerk and pays the required fee for that service, the system automatically generates a summons directed to the defendant. The summons along with the uploaded amended complaint is forwarded to the circuit clerk who, in turn, initiates service of process for that defendant. Notably, after a plaintiff supplies all the necessary information regarding a defendant being added, the system generates an "E-File Receipt."

3

amended complaint to Gresham by certified mail; however, nothing was sent by the clerk to Holland.

On December 19, 2023, Moore received notice that the certified mail addressed to Gresham had been returned as unclaimed. On December 28, 2023, Moore supplied the circuit clerk with alias summonses for both Holland and Gresham, advising that a private process server would be used to accomplish service.

On January 17, 2024, 116 days after the statute-of-limitations period had expired, Holland was served by a process server. Holland filed a motion to dismiss pursuant to Rule 12(b)(6), Ala. R. Civ. P., contending that he had not been served in the underlying action until after the statute-of-limitations period had expired. Holland specifically argued that, at the time Moore filed her amended complaint substituting him as a named defendant in the underlying action, she had no bona fide intention of having the amended complaint immediately served. Following a hearing, the trial court denied the motion to dismiss, without stating a reason for the denial. This mandamus petition followed.

## II. Standard of Review

"A writ of mandamus is an extraordinary remedy available only when the petitioner can demonstrate: '"(1) a

4

clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court." ' Ex parte Nall, 879 So. 2d 541, 543 (Ala. 2003) (quoting Ex parte BOC Grp., Inc., 823 So. 2d 1270, 1272 (Ala. 2001))."

Ex parte Alabama Dep't of Corr., 252 So. 3d 635, 636 (Ala. 2017).

## III.  Discussion

Holland contends that, at the time Moore filed her amended complaint substituting him as a named defendant in the underlying action, she had no bona fide intention of having the complaint immediately served. Thus, he says, the underlying action against him could not be considered to have been commenced within the statute-of-limitations period under Alabama law.[2]  We agree.  A civil action is commenced upon the filing of a complaint.  See Rule 3, Ala. R. Civ. P. However, the filing of a complaint, standing alone, does not commence an action for statute-of-limitations purposes.  Varden Cap. Props., LLC v. Reese, 329 So. 3d 1230 (Ala. 2020).  Rather, "[f]or statute-of-limitations

---

[2]The parties do not dispute that Moore's claims against Holland are subject to the two-year limitations period.  See Ala. Code 1975, § 6-2-38(l) (providing that "[a]ll actions for an injury to the person or rights of another not arising from contract and not specifically enumerated in this section shall be brought within two years").

purposes, the complaint must be filed <u>and</u> there must <u>also</u> exist 'a bona fide intent to have it immediately served.'" <u>Precise v. Edwards</u>, 60 So. 3d 228, 231 (Ala. 2010) (quoting <u>Dunnam v. Ovbiagele</u>, 814 So. 2d 232, 237-38 (Ala. 2001)). The question whether a bona fide intent existed at the time the complaint was filed must be determined by an objective standard. <u>Varden</u>, supra.

As previously indicated, the shooting incident occurred on September 23, 2021; Moore commenced her action on March 22, 2022, naming as defendants the City and fictitiously named parties. In June 2022, Moore learned through discovery that Holland and Gresham were the officers involved in the shooting incident. On September 23, 2023, the final day of the two-year statute-of-limitations period, Moore amended her complaint to substitute Holland and Gresham as named defendants. Although the amended complaint included instructions for the circuit clerk to serve both officers by certified mail, the record reflects that a summons was generated for and issued to only Gresham. On December 28, 2023, after Moore learned that the certified mail addressed to Gresham had been returned as unclaimed, she filed "alias" summonses for both officers, advising that they would be served by process server.

6

According to Holland, the alias summons filed on that date was the <u>first</u> and <u>only</u> summons directed to him and that, by that time, the statute-of-limitations period had run. Moore does not dispute that a summons was not initially generated for and issued to Holland; nor does she dispute that the fee required to have him served by certified mail by the clerk was not paid. Rather, Moore states that she "is not able to explain the issue that arose that prevented the initial issuance of the summons." Answer at 9. Moore then states that, as soon her counsel became aware of the <u>clerk's</u> failure to issue the summons and the amended complaint to Holland, she took immediate steps to have him served by process server. In <u>Ex parte East Alabama Mental Health-Mental Retardation Board, Inc.</u>, 939 So. 2d 1, 5 (Ala. 2006), this Court noted that, under Rule 4(i), Ala. R. Civ. P., a plaintiff's request for service by certified mail by the clerk places the burden of service on the clerk.[3] Although a plaintiff's

---

[3]Rule 4(i)(2)(B)(i), Ala. R. Civ. P., provides, in relevant part:

"In the event of service by certified mail by the clerk, the clerk shall place a copy of the process and complaint or other document to be served in an envelope and shall address the envelope to the person to be served with instructions to forward. … The clerk shall affix adequate postage and place the sealed envelope in the United States mail as certified mail with instructions to forward, return receipt requested, with

request for service by certified mail by the clerk places the burden of service on the clerk under that rule, it is the plaintiff who has the initial burden of performing all the tasks to facilitate, rather than preclude, the clerk from setting the case in motion and perfecting service of process. See Precise, 60 So. 3d at 233 (noting that, "when the plaintiff, at the time of filing, does not perform all the tasks required to effectuate service and delays a part of the process, a lack of the required bona fide intent to serve the defendant is evidenced").

Here, the record confirms that, although Moore intended to serve both Holland and Gresham by certified mail, only one summons was generated -- the one generated for and directed to Gresham. The record also confirms that only one certified-mail fee was paid -- the one paid in connection with service upon Gresham. In the absence of a summons generated for Holland and payment of a corresponding certified-mail fee, we can only assume that the delay in perfecting service upon Holland within the statute-of-limitations period occurred as a result of user error

---

instructions to the delivering postal employee to show to whom delivered, date of delivery, and address where delivered."

during the electronic-filing process, and not because of any error on the part of the circuit clerk. Moore used the State's electronic-filing system to add Holland as a defendant in the underlying action. As indicated in note 1, supra, after adding Holland as a defendant, the system would have prompted her to check a box indicating whether Holland needed to be served. Once Moore checked that box, she would have been provided with an option for service of process. If Moore chose service by certified mail by the clerk and paid the required fee, the system would have ultimately generated a summons directed to Holland; upon receiving that summons electronically, the clerk would have then assumed the burden to commence service of process. Thus, viewed objectively, Moore's unexplained failure to perform the necessary tasks required to effectuate service at the time of filing shows a lack of the required bona fide intent to have Holland immediately served. See, e.g., De-Gas, Inc., v. Midland Res., 470 So. 2d 1218, 1222 (Ala. 1985) (holding that an action was not commenced for statute-of-limitations purposes when a plaintiff had failed to pay the filing fee at the time the complaint was filed); Maxwell v. Spring Hill Coll., 628 So. 2d 335 (Ala. 1993) (holding that an action was not commenced for statute-of-limitations purposes when a plaintiff filed

a complaint but failed to provide summonses, service instructions, or addresses for the defendants until approximately one month after filing the complaint); and <u>Pettibone Crane Co. v. Foster</u>, 485 So. 2d 712 (Ala. 1986) (holding that an action was not commenced for statute-of-limitations purposes when the plaintiff failed to provide the clerk with the defendant's address or any instructions concerning service of process).

## IV.  Conclusion

The burden of perfecting service of process on a defendant rests with the plaintiff.  The record is clear that Moore failed to complete the process to have a summons issued and served by certified mail by the clerk and effectively served Holland only after the statute-of-limitations period had expired. Thus, Holland has established a clear legal right to the relief sought. Accordingly, we grant the petition for a writ of mandamus and direct the trial court to enter an order dismissing Holland as a defendant in the underlying action.

PETITION GRANTED; WRIT ISSUED.

Wise, Bryan, Mendheim, and Stewart, JJ., concur.

Mitchell, J., concurs specially, with opinion, which Parker, C.J., joins.

Cook, J., concurs specially, with opinion.

Shaw, J., concurs in the result.

MITCHELL, Justice (concurring specially).

I concur fully in the main opinion because it faithfully applies our precedents. But I write separately to call into question the rule in <u>Ward v. Saben Appliance Co.</u>, 391 So. 2d 1030 (Ala. 1980), which the majority opinion applies.

The statute of limitations in <u>Ward</u> was largely identical to the one at issue here.[4] <u>Ward</u> held that, to toll the statute-of-limitations period, a plaintiff must both (1) file a complaint and (2) demonstrate a bona fide intention of having the complaint immediately served. <u>Ward</u>, 391 So. 2d at 1035. The <u>Ward</u> Court drew the first requirement from Rule 3(a), Ala. R. Civ. P. ("A civil action is commenced by filing a complaint with the court."). <u>Id.</u> at 1032. It drew the second requirement, which is the focus of this writing, from a string of 19th century cases interpreting a 19th century statute. <u>Id.</u> at 1033-35.

Those 19th century cases, most notably <u>West v. Engel</u>, 101 Ala. 509, 14 So. 333 (1893), interpreted an 1886 statute as imposing a bona fide-intention requirement. <u>See</u> § 2631, Ala. Code 1886. But that 1886

---

[4]Former § 6-2-39, Ala. Code 1975, controlled in <u>Ward</u>. The Legislature essentially incorporated § 6-2-39 into the statute that controls in this case, § 6-2-38, Ala. Code 1975, in 1984.

statute pegged a suit's commencement not to the filing of the complaint but to the "suing out of the summons." West, 101 Ala. at 510, 14 So. at 333. A summons could not be sued out until it "passe[d] from the hands of the clerk … to the sheriff, or other proper officer, to be executed." 101 Ala. at 512, 14 So. at 334. In other words, under the 1886 statute and the caselaw interpreting it, commencing a suit had more to do with serving process than it did with filing a complaint.

That changed in the early 20th century. In 1907, the Legislature shifted course and pegged the commencement of a suit to the filing of the complaint. See § 4853, Ala. Code 1907; Horn v. Pope, 205 Ala. 127, 129, 87 So. 161, 163 (1920). The Legislature reiterated this filing requirement in 1940, when it adopted a statute providing that "[t]he filing of the complaint, bill of complaint, or other statement of plaintiff's cause of action, in the office of the clerk or register of the circuit court … shall constitute the commencement of the suit." Tit. 7, § 43, Ala. Code 1940.

It was against this backdrop that the Legislature adopted the statute of limitations at issue in Ward. That statute, § 6-2-39, mandated that an injured party "commence" a claim within one year. See Former

13

§ 6-2-39, Ala. Code 1975.[5] Thus, at the time the Legislature adopted this language, to file a complaint meant to commence suit. And no subsequent legislation displaced this understanding. Indeed, Rule 3(a), Ala. R. Civ. P., which this Court adopted in 1973, confirmed this understanding.

Ward, in interpreting § 6-2-39, should have relied on this background understanding to ascertain what it meant to "commence" suit. See Swindle v. Remington, 291 So. 3d 439, 457 (Ala. 2019); Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 397 (Thomson/West 2012). Had it done so, I believe that the Court likely could have interpreted "commenced" as used in § 6-2-39 to mean the filing of the complaint and nothing else. But, instead, Ward imported a bona fide-intention requirement that does not appear to square with the language of the statute. In fact, Ward does not even cite the statutory text, and this oversight may have opened the door to an atextual interpretation of § 6-2-39.

---

[5]Again, § 6-2-39, which was operative at the time of Ward, was essentially incorporated into § 6-2-38, which controls in this case. Section 6-2-38 contains a two-year, rather than a one-year, limitations period.

This Court has repeatedly extended <u>Ward</u>'s holding. Shortly after <u>Ward</u>, the Court held that filing a complaint without paying the filing fee indicates a lack of a bona fide intention to proceed. <u>De-Gas, Inc. v. Midland Res.</u>, 470 So. 2d 1218 (Ala. 1985). Later, the Court found that filing a complaint without providing instructions for serving process falls short of the needed bona fide intention to pursue. <u>Pettibone Crane Co. v. Foster</u>, 485 So. 712 (Ala. 1986). Most recently, when applying the bona fide-intention requirement, this Court held that it is an objective standard. <u>Varden Cap. Props., LLC v. Reese</u>, 329 So. 3d 1230 (Ala. 2020). And the majority's opinion here further advances <u>Ward</u>'s holding, applying the bona fide-intention requirement to a suit brought under § 6-2-38.

I do not question the wisdom of the rule announced in <u>Ward</u>. It may very well reflect sound policy and prevent gamesmanship. This Court's role, however, is not to make policy. Our Constitution leaves that job to the Legislature. And the Legislature has spoken here. Our duty, then, is to interpret the laws as written, and not to revise them as the <u>Ward</u> Court may have done. <u>See</u> <u>Gamble v. United States</u>, 587 U.S. 678, 713 (2019) (Thomas, J., concurring). And if our precedent is not rooted in the

15

meaning of the law's text, then we should be open to revisiting that precedent, provided that a request is properly made to our Court.

Ultimately, however, the parties in this case have not asked us to reconsider the <u>Ward</u> line of precedent. <u>See</u> <u>Ex parte McKinney</u>, 87 So. 3d 502, 509 n.7 (Ala. 2011) (noting that "this Court has long recognized a disinclination to overrule existing caselaw in the absence of either a specific request to do so or an adequate argument asking that we do so"). In an appropriate future case, I would be open to doing so.

Parker, C.J., concurs.

COOK, Justice (concurring specially).

Like Justice Mitchell, I concur fully with the main opinion's conclusion that Robert Holland has demonstrated a clear legal right to the relief he is seeking here. I write separately, however, to express my concern with reconsidering Ward v. Saben Appliance Co., 391 So. 2d 1030 (Ala. 1980), and its progeny, in a future case.

In Ward, our Court held that, although the Alabama Rules of Civil Procedure provide that an action commences with the filing of the complaint with the clerk of the court, that action is not commenced for purposes of the statute of limitations unless it is filed with the bona fide intention of having process served in due course. In the over 40 years since our Court issued our decision in Ward, the bona fide-intention principle has been consistently applied by our Court. See, e.g., Maxwell v. Spring Hill Coll., 628 So. 2d 335, 336 (Ala. 1993); and Latham v. Phillips, 590 So. 2d 217, 218 (Ala. 1991). This requirement has even been extended to various other circumstances. See, e.g., Dunnam v. Ovbiagele, 814 So. 2d 232, 238 (Ala. 2010); Pettibone Crane Co. v. Foster, 485 So. 2d 712 (Ala. 1986); and De-Gas, Inc. v. Midland Res., 470 So. 2d 1218 (Ala. 1985).

Justice Mitchell expresses concern that <u>Ward</u> -- and, consequently, its progeny -- have gone too far by importing the bona fide-intention requirement when, he says, Rule 3(a), Ala. R. Civ. P., and former § 6-2-39, Ala. Code 1975, appeared to make clear that all that was needed to "commence" an action was the filing of the complaint and nothing else. It is for this reason that he indicates that he would be open to reconsidering this well-settled precedent in an appropriate future case.

I believe that the bona fide-intention requirement and our caselaw applying it is consistent with our Rules of Civil Procedure and relevant statutes. Our Court's consistent application of this well-settled requirement has created procedural stability for the bench and bar, and I am concerned that deviating from it might invite gamesmanship. <u>See, e.g.,</u> <u>Ward</u>, 391 So. 2d at 1031 (noting that plaintiff's "attorney directed the clerk to withhold personal service").

Moreover, to my knowledge, neither the Advisory Committee for the Alabama Rules of Civil Procedure nor our Legislature has ever taken any action to move away from this well-settled requirement. Thus, absent a compelling reason to do so, I would be extremely hesitant to recommend that we do so. <u>See</u> Bryan A. Garner et al., <u>The Law of Judicial Precedent</u>

18

333 (Thomson Reuters 2016) ("Stare decisis applies with special force to questions of statutory construction. Although courts have power to overrule their decisions and change their interpretations, they do so only for the most compelling reasons -- but almost never when the previous decision has been repeatedly followed ...."); but compare id. at 352 (explaining that it is easier to overrule constitutional precedent).